**Charles DARVOE, Plaintiff,**

**v.**

**TOWN OF TRENTON and James A. Hoke; John F. Stockhauser; John J. Barnes; Mark P. Scheidelman; Scott Collins; Rossi, Kehoe, Murnane & Hughes; Thomas P. Hughes; Stephen Hines; Margaret Stetson; Anne Giacobbe; Thomas Larrabee; Bruce Thompson; Wink Dolittle; Stephen Hunter; Nicholas Curr, Jr.; Lothar Stahlberg; Aviation Service Unlimited, Inc.; & 7 John Does and/or Mary Roes, Individually and in Their Official Capacities, Jointly and Severally, Defendants.**

**No. 91–CV–1234.**

United States District Court,
N.D. New York.

Feb. 21, 1992.

Charles Darvoe, pro se.

Rossi Murnane Balzano & Hughes, Thomas P. Hughes, Utica, N.Y., for defendants.

## MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

### INTRODUCTION

Plaintiff commenced this action on October 25, 1991, against numerous defendants alleging violations of both his federal and state civil rights. He asserts that this court has jurisdiction to hear his federal civil rights claims pursuant to 42 U.S.C. section 1983 and his state civil rights

claims pursuant to the doctrine of pendant jurisdiction.[1]

Plaintiff now moves for a default judgment or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56. Defendants have cross-moved for summary judgment on three grounds: (1) lack of personal jurisdiction, (2) statute of limitations, and (3) failure to state a claim upon which relief can be granted. The court will discuss each of these issues *seriatim.*

## DISCUSSION

### A. Plaintiff's Motion for a Default Judgment

It appears that plaintiff's motion for a default judgment is based on his belief that defendants have not answered his complaint. Plaintiff contends that because defendants' answers contain affirmative defenses, they are not answers but rather "motions to dismiss for summary judgment." *See* Plaintiff's Memorandum of Law at ¶ 14. This argument is totally without merit and contrary to Fed.R.Civ.P. 8(c) which specifically provides that "in pleading to a preceding pleading [an answer to a complaint], a party shall set forth affirmatively ... statute of limitations, and any other matter constituting an avoidance or affirmative defense...." Fed.R.Civ.P. 8(c) (1991 Rev.Ed.). Accordingly, the court denies plaintiff's motion for a default judgment.

### B. Plaintiff's Motion for Summary Judgment

For the same reasons, plaintiff's motion for summary judgment is totally without merit. He claims that defendants' failure to answer his allegations constitutes an admission that there are no genuine issues of material facts. *See* Plaintiff's Memorandum of Law at ¶ 19.5. As stated above, plaintiff's claim that defendants have not answered his complaint is without merit. As a result, plaintiff cannot maintain a motion for summary judgment on this ground. Accordingly, the court denies

plaintiff's motion for summary judgment pursuant to Fed.R.Civ.P. 56.

### C. Defendants' Motion for Summary Judgment

Although defendants' characterize their motion as one for summary judgment, it is in reality a motion to dismiss pursuant to Fed.R.Civ.P. 12. Accordingly, the court will convert this motion to a motion to dismiss and will discuss the grounds for dismissal consistent with the requirements for such a motion. As grounds for dismissal, defendants allege (1) lack of personal jurisdiction, (2) statute of limitations, and (3) failure to state a claim upon which relief can be granted. The court will address each of these grounds *seriatim.*

#### 1. Lack of Personal Jurisdiction

■ Defendants claim that this court lacks personal jurisdiction over them because plaintiff's service was defective. Defendants base this allegation on the fact that plaintiff did not include two copies of a notice, an acknowledgement form, and an envelope with the summons and complaint as required by Fed.R.Civ.P. 4(c)(2)(C)(ii). Federal Rule of Civil Procedure 4(c)(2)(C) states that

[a] summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule—

(i) pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that State, or

(ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowl-

1. Pursuant to 28 U.S.C. section 1367 (effective December 1, 1990), the proper terminology for pendant jurisdiction is supplemental jurisdic-

tion. Therefore, in conformity with this statute, the court will use the term supplemental jurisdiction when discussing plaintiff's state claims.

edgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

Fed.R.Civ.P. 4(c)(2)(C) (1991 Rev.Ed.).

Plaintiff's own papers demonstrate that he served all defendants by certified mail. *See* Plaintiff's Affidavit of Service by Mail. However, it is impossible to tell on which subsection of Rule 4(c)(2)(C) plaintiff relied as a basis for this service. Since he is a *pro se* plaintiff and Rule 4(c)(2)(C) subsection (ii) provides him with greater latitude than subsection (i), the court will assume for purposes of this motion that plaintiff attempted to serve defendants in compliance with the federal, rather than the state, procedure.[2]

On its face Rule 4(c)(2)(C)(ii) appears to mandate a finding that service is ineffective unless the defendant returns the acknowledgement form or, absent this, the plaintiff personally serves the defendant using another prescribed method. The Second Circuit, however, has not interpreted this rule so strictly. In *Morse v. Elmira Country Club*, 752 F.2d 35 (2d Cir.1984), the plaintiff served the defendant by mail by sending the summons and complaint along with the notice, acknowledgement form and return envelope. The defendant did not return the acknowledgement form, and the plaintiff then served the defendant personally. However, this secondary service occurred after the statute of limitations period had expired. The defendant moved to dismiss the action pursuant to Fed.R.Civ.P. 12(b) on the grounds that the action was barred by the statute of limitations because the action was not commenced, for limitations purposes, until the plaintiff effected personal service. *Id.* at 37. The Second Circuit disagreed. To the contrary, the court held that failure to re-

turn the acknowledgement form did not make the service ineffective. *Id.* at 39–40. The court went on to say that "strong factors of justice and equity push toward reading Rule 4(c) as providing for effective mail service where, as here, the recipient actually receives the mail service but refuses to acknowledge it properly." *Id.* at 40.

Although the present case is distinguishable from *Morse* because plaintiff in the present action did not include an acknowledgement form with the summons and complaint, this does not change the result. In *Lee v. Carlson*, 645 F.Supp. 1430 (S.D.N.Y.1986), *aff'd*, 812 F.2d 712 (2d Cir. 1987), the plaintiff failed to include an acknowledgement form and an addressed prepaid return envelope with his service. The court held that this failure did not vitiate the effectiveness of the service. *Id.* at 1432. The court based its conclusion on its belief that the holding in *Morse* "clearly emphasizes that the effectiveness of the service depends on the receipt of the summons and complaint, not on the supplementary material to be signed and returned by the recipient which, by itself, establishes proof of service." *Id.; see also Repasky v. Orzel*, No. 90–CV–564, 1991 WL 33173 (N.D.N.Y. March 7, 1991) (LEXIS, Genfed Library, 2d file). In the present case, there is no doubt that defendants received the summons and complaint. Otherwise they could not have interposed their answers. Therefore, in accord with the decisions in *Morse* and *Lee*, the court holds that plaintiff effectively served those defendants who can be served by mail pursuant to Fed.R.Civ.P. 4(c). ·

■ Nonetheless, by its terms, Rule 4(c) permits mail service only upon those classes of defendants referred to in Rule 4(d)(1) or (3). These two paragraphs include (1) individuals and (3) corporations, partnerships or other incorporated associa-

---

**2.** If plaintiff had, in fact, relied on the New York equivalent of Fed.R.Civ.P. 4(c)(2)(C), N.Y.Civ.Prac. L. & R. 312–a, defendants would be correct that plaintiff's service was defective. New York courts require strict compliance with the provisions of the C.P.L.R. to perfect service. Furthermore, under New York law, such defective service would warrant a dismissal on grounds of lack of personal jurisdiction.

tions.[3] However, they do not include towns. Service on a town is governed by Fed.R.Civ.P. 4(d)(6) which states that

> [s]ervice shall be made ... upon a state or municipal corporation or other governmental organization thereof subject to suit, by delivering a copy of the summons and of the complaint to the chief executive officer thereof or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Fed.R.Civ.P. 4(d)(6) (1991 Rev.Ed.).

Under New York law, service on a town is governed by New York Civil Practice Law & Rules section 311 which states "personal service upon a ... governmental subdivision shall be made by delivering the summons as follows: ... 5. upon a town, to the supervisor or the clerk; ..." N.Y.Civ.Prac. L. & R. § 311. Neither New York procedure nor Fed.R.Civ.P. 4(d) permits service on a town by mail. Therefore, plaintiff's service on the Town of Trenton was ineffective; and the court lacks personal jurisdiction over this defendant. Accordingly, the court denies defendants' motion to dismiss the complaint for lack of personal jurisdiction and insufficient service pursuant to Fed.R.Civ.P. 12(b)(2) and (5) as to all defendants except the Town of Trenton. As to the Town of Trenton, the court grants defendants' motion to dismiss the complaint on these grounds.

### 2. Statute of Limitations

■ Plaintiff filed this section 1983 action on October 25, 1991. Defendants contend, therefore, that plaintiff's first five federal causes of action are barred by the statute of limitations. In *Wilson v. Garcia,* 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254, 260–61 (1985), the United States Supreme Court held that in situations in which Congress does not provide for a limitations period, courts should generally adopt the analogous state statute of limitations period. Furthermore, the

Court held that all section 1983 claims should be characterized for limitations purposes as personal injury actions. *Wilson,* 471 U.S. at 279, 105 S.Ct. at 1949, 85 L.Ed.2d at 268. Relying on *Wilson,* this court previously determined that New York Civil Law and Rules section 214(5)'s three year statute of limitations period for personal injury actions is the appropriate statute of limitations period for section 1983 actions. *Okure v. Owens,* 625 F.Supp. 1568, 1570 (N.D.N.Y.1986), *aff'd,* 816 F.2d 45 (2d Cir.1987), *aff'd,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Accordingly, the court will apply section 214(5)'s three year limitations period to the present action.

Since plaintiff filed his complaint on October 25, 1991, any cause of action which accrued prior to October 25, 1988, is barred by the three year statute of limitations period. Plaintiff's first five federal causes of action concern events which occurred prior to this date. Therefore, they are time barred. Accordingly, the court dismisses these causes of action pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. In addition, because defendant Glen Haskel's only involvement in this case concerns the first federal cause of action, the court dismisses the complaint as to him.

### 3. Failure to State a Claim

For purposes of discussion the court will divide plaintiff's remaining six federal causes of action into two groups. All but the eighth cause of action pertain to defendants' activities with regard to a state court proceeding. The eighth cause of action concerns defendants' alleged trespass onto plaintiff's property.

In order to state a cause of action under section 1983, plaintiff must meet a two-part test. First, he must establish that defendants are persons acting under color of state law. Second, he must demonstrate that the conduct complained of deprived him of rights, privileges, and immunities

---

**3.** For purposes of this motion, the court will assume that the mail service upon Rossi, Kehoe, Murnane & Hughes, a law firm, was made according to the procedures set forth in Fed. R.Civ.P. 4(d)(3) and is therefore effective.

secured by the Constitution or laws of the United States. *See Dean Tarry Corp. v. Friedlander,* 650 F.Supp. 1544 (S.D.N.Y.), *aff'd,* 826 F.2d 210 (2d Cir.1987). Defendants do not dispute that they were acting under color of state law. At issue in this case, however, is whether defendants' actions deprived plaintiff of his federal constitutional or statutory rights.

On September 14, 1990, New York Supreme Court Justice Grow issued an order in the matter of *Town of Trenton v. Darvoe.* The actions complained of in plaintiff's sixth, seventh, ninth, tenth, and eleventh federal causes of action concern this order and defendants' subsequent actions to enforce it.[4] In the state court proceeding, the Town of Trenton sought to enforce its zoning ordinances and local laws by seeking to enjoin Mr. Darvoe from further violating these ordinances and local laws. The town moved for, and the court granted, summary judgment on these issues. In conjunction with this decision, the court order enjoined Mr. Darvoe from maintaining a mobile home, a junkyard, and a dump on his property in violation of local zoning ordinances. *See* Defendants' Notice of Motion, Exhibit F.

■ Plaintiff's sixth cause of action states that defendants sent him Justice Grow's judgment which he later dishonored. *See* Plaintiff's Complaint, Sixth Federal Cause of Action. When plaintiff did not comply with this order, defendants sought and obtained an order of compliance from Justice Grow which they then served on defendant. *See* Plaintiff's Complaint, Seventh Federal Cause of Action; Defendants' Notice of Motion, Exhibit G. Finally, when plaintiff still failed to comply with the order, defendants sought and obtained a contempt order from Justice Grow which they sent to plaintiff. *See* Plaintiff's Complaint, Ninth, Tenth, and Eleventh Federal Causes of Action; Defendants' Notice of Motion, Exhibit H.

Having reviewed these causes of action, it is clear to this court that plaintiff disagrees with the state court's decision against him. However, defendants' activities which were taken to enforce this order did not deprive plaintiff of his federal constitutional or statutory rights. Therefore, they are not cognizable under section 1983. Accordingly, the court dismisses these causes of action for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

■ Plaintiff's eighth cause of action alleges that defendants trespassed on his property by flying over his land in a helicopter for purposes of invading his privacy by taking photographs of his land. *See* Plaintiff's Complaint, Eighth Federal Cause of Action. In *Katz v. United States,* 389 U.S. 347, 351, 88 S.Ct. 507, 511, 19 L.Ed.2d 576, 582 (1967), the United States Supreme Court held that "[w]hat a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." Moreover in his concurrence Justice Harlan stated that the touchstone of Fourth Amendment analysis is whether a person has a "constitutionally protected reasonable expectation of privacy." *Katz,* 389 U.S. at 360, 88 S.Ct. at 516, 19 L.Ed.2d at 587 (Harlan, J. concurring).

For purposes of a Rule 12(b)(6) motion, the court must accept as true plaintiff's claim that defendants flew over his property in a helicopter. However, such activity does not necessarily provide the basis for a section 1983 cause of action. In the instant case, plaintiff has failed to present any evidence to show that defendants' activities violated his reasonable expectation of privacy. Plaintiff does not allege that defendants saw anything which was not exposed to the general public or that the area photographed was hidden from public view. Instead, he claims that defendants' act of

---

**4.** According to plaintiff's papers, he commenced another proceeding in this court concerning an appearance before Judge Grow in 1988. Plaintiff states that on "September 22, 1988 I filed charges against the Town of Trenton and State Supreme Justice Grow, in the Federal Court to

Judge McCun [sic] on Charges that my constitution (inalienable) rights were denied. On September 29, Federal Court sent me a statement saying that all my poblems [sic] have to be delt [sic] with threw [sic] Judge Grow." *See* Plaintiff's Affidavit in Support of This Motion.

flying over his property, standing alone, constitutes an invasion of his constitutionally protected right of privacy. Plaintiff cannot maintain such a claim in light of the Supreme Court's holdings in *California v. Ciraolo*, 476 U.S. 207, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986) and *Florida v. Riley*, 488 U.S. 445, 109 S.Ct. 693, 102 L.Ed.2d 835 (1989), both of which involved aerial observations. In both cases, the Court held that plaintiff's right to privacy had not been violated by such activity.

Even more compelling is the fact that plaintiff's property is in a rural setting rather than an urban subdivision. Under similar circumstances, the Supreme Court held that a plaintiff has no expectation of privacy in an open field outside the area which immediately surrounds his home. *See United States v. Taft*, 769 F.Supp. 1295, 1310 (D.Vt.1991) (citing *United States v. Dunn*, 480 U.S. 294, 300–01, 107 S.Ct. 1134, 1139, 94 L.Ed.2d 326, 334–35 (1987)). Therefore, the court concludes that defendants did not violate plaintiff's constitutionally protected right of privacy by flying over his property in a helicopter. Accordingly, the court dismisses plaintiff's eighth federal cause of action for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

### 4. Plaintiff's State Causes of Action

■ In addition to his eleven federal causes of action, plaintiff asserts eleven corresponding state causes of action. This court need not spend a significant amount of time discussing these state claims. The only basis for this court's jurisdiction over these state claims is supplemental jurisdiction. Having dismissed all of plaintiff's federal causes of action, it is within the court's discretion to decline to exercise its jurisdiction over these state constitutional and statutory claims. 28 U.S.C. § 1367(c)(3); *see also Castellano v. Board of Trustees*, 937 F.2d 752, 758 (2d Cir.1991); *Powell v. Gardner*, 891 F.2d 1039 (2d Cir. 1989). Accordingly, the court declines to exercise its supplemental jurisdiction over these claims and dismisses them pursuant to 28 U.S.C. section 1367(c)(3).

### D. Defendants' Motion for Rule 11 Sanctions

■ Keeping in mind that plaintiff appears *pro se* and giving him the benefit of the doubt, the court denies defendants' motion for Rule 11 sanctions without prejudice. However, the court advises plaintiff that it will not tolerate any additional lawsuits regarding these defendants or these events which are as devoid of merit as this one. If plaintiff disregards this advice, he is forewarned that the court will entertain, and grant, defendants' motion for Rule 11 sanctions without hesitation.

### CONCLUSION

For the reasons stated above, the court denies plaintiff's motion for a default judgment or, in the alternative, for summary judgment.

As to defendants' cross-motion, the court first converts it from a summary judgment motion to a motion to dismiss. Having done so, the court denies defendants' motion to dismiss the complaint for lack of personal jurisdiction and insufficient service as to all defendants except the Town of Trenton. As to the Town of Trenton, the court grants defendants' motion to dismiss for lack of personal jurisdiction and insufficient service pursuant to Fed. R.Civ.P. 12(b)(2) and (5) because plaintiff has failed to effect service on the Town.

In addition, the court grants defendants' motion to dismiss the complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) as to the first five federal causes of action because they are barred by N.Y.Civ. Prac. L. & R. section 214(5)'s three year statute of limitations period which is applicable to section 1983 actions. As to plaintiff's other six federal causes of action, the court grants defendants' motion to dismiss them for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) because none of defendants' activities deprived plaintiff of his federal constitutional or statutory rights. As such they are not cognizable under section 1983. Furthermore, having dismissed all of plaintiff's federal causes of action,

the court declines to exercise its supplemental jurisdiction over plaintiff's eleven state causes of action and dismisses them pursuant to 28 U.S.C. section 1367.

Finally, the court denies defendants' motion for Rule 11 sanctions without prejudice and with leave to renew should plaintiff fail to heed the court's warning with respect to the commencement of similar actions.

IT IS SO ORDERED.