**ALLIED SEMI–CONDUCTORS INTERNATIONAL LIMITED, Plaintiff,**

v.

**PULSAR COMPONENTS INTERNATIONAL, INC., Defendant.**

No. CV 90–3943 (DFJ).

United States District Court, E.D. New York.

Dec. 17, 1993.

Sioris and Molumby, New York City, for plaintiff (John Walshe & Assoc., of counsel).

D'Errico & Caputo, Mineola, NY, for defendant (Frank D'Errico, of counsel).

*AMENDED FINDINGS OF FACT,*
*CONCLUSIONS OF LAW,*
*DECISION AND ORDER*

JORDAN, United States Magistrate Judge.

## I

### *INTRODUCTION*

This is an action to recover $365,750.00 paid for defective conductor computer chips. It is governed by the New York Uniform Commercial Code and jurisdiction is based

on diversity of citizenship.[1], [2], [3]

## II

### JURISDICTION

### FINDINGS OF FACT

1. At all times the plaintiff was, and still is, a corporation organized under the laws of the Republic of Ireland, having is principal place of business in that country.

2. At all times mentioned the defendant was, and still is, a corporation organized under the laws of the State of New York, having its principal place of business in Nassau County within the State of New York and the jurisdiction of the United States District Court for the Eastern District of New York.

3. The plaintiff seek to recover the sum of $365,750.00, exclusive of interest and costs.

4. The contract in question was made in Nassau County, New York.

5. The summons and complaint were mailed to the defendant, whose president actually received them, but failed to acknowledge receipt thereof. The defendant served but did not file an answer raising lack of *in personam* jurisdiction as a defense. Personal service was not made until after the statute of limitations had expired.

### DISCUSSION

■ This Court has subject matter jurisdiction over an action brought by an alien corporation against a citizen of this State where the amount at issue exceeds $50,000.00 exclusive of interest and costs. 28 U.S.C. § 1332. *Banco Nacional de Cuba v. Sabbatino*, 307 F.2d 845 (2d Cir.1962), *r.o.g.*, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804; *Bernstein v. N.V. Nederlandsche, etc.*, 173 F.2d 71 (2d Cir.1949).

Venue is properly laid in this District. 28 U.S.C. § 1391(a).

In its answer to the plaintiff's complaint, the defendant raises the defense of lack of *in personam* jurisdiction over itself.

■ First, the defendant never acknowledged receipt of the summons and complaint as required by Rule 4(c)(2)(C) of the Federal Rules of Civil Procedure. This rule may fairly be read as requiring that if the defendant fails to make a prompt written acknowledgment of receipt, *in personam* jurisdiction is not obtained until personal service is made. However, the Second Circuit does not so read the rule. It has held that service is effective when and if the defendant actually receives the summons and complaint. Failure to obtain a return receipt was a procedural defect. Although the rule then calls for personal service on the defendant this too is a procedural step, required only to enable the plaintiff to file proof thereof with the Court. *Morse v. Elmira Country Club*, 752 F.2d 35 (2d Cir.1984). The failure to make the personal service was also held to be irrelevant if actual service was made. *Lee v. Carlson*, 645 F.Supp. 1430 (S.D.N.Y.1986), *aff'd*, 812 F.2d 712 (2d Cir.1987).

■ Second, the four year statute of limitations expired before the plaintiff took any corrective action to effect personal service. Thus the case is said to be subject to dismissal on this ground as well. This argument is rejected. The statute of limitations ceased to run when the summons and complaint were actually received. The mailing and actual receipt was a compliance with state law sufficient to stay the running of the statute of limitations. *Morse*, supra.

■ Third, the actual service of the summons and complaint was not made within 120 days of the filing of the complaint. This objection was promptly made after the service. It is said to require dismissal inasmuch as no good cause for the delay has been shown. Rule 4(j), Fed.R.Civ.P. This objection is also overruled. The defect is not jurisdictional and was waived by participat-

---

1. Pursuant to stipulation of the parties, this case has been assigned to the undersigned magistrate judge for all purposes, including trial, with any appeals to go to the District Court. 28 U.S.C. § 636(c)(1), (4).

2. All facts found below in numbered paragraphs have been established by a preponderance of the credible evidence.

3. The case was tried, without a jury, on October 18, 19, 20, 21 and 22, 1993.

ing in pretrial proceedings without mentioning the defect in service. *Datskow v. Teledyne, Inc.*, 899 F.2d 1298 (2d Cir.1990). Under these circumstances, there was good cause for the delay in making the personal service.

## *CONCLUSION*

A. This court has jurisdiction over the subject matter of this action and the parties.

## III

### *MERITS OF THE CASE*

### *FINDINGS OF FACT*

4. Both the plaintiff and the defendant are wholesale suppliers of components parts to computer manufacturers.

5. In response to a solicitation from Apple Computer Ltd., the plaintiff, Allied, ordered 50,000 computer chips from the defendant, Pulsar, at a unit price of $10.45. Pulsar accepted the order. It shipped the 50,-000 chips to Allied, which in turn shipped them to Apple. Apple paid Allied its full agreed price and Allied in turn paid Pulsar its full agreed price, $365,750.00.

6. Apple made a timely inspection of the chips, found many to be defective, and rejected 35,000 of them. Apple returned the chips to Allied, which in turn returned them to Pulsar on August 19, 1989.[4]

7. Pulsar never tendered replacement chips to Allied or returned the $365,750.00 to Allied.

8. Subsequently, Allied obtained 25,000 similar substitute parts at a cost of $70,875 ($2.835 each), which Apple accepted as applicable to its contract with Allied.

9. The parties agree that the defendant is entitled to recover $34,100.00 on a counterclaim.

## *DISCUSSION*

■ The parties agree that this case is governed by the Uniform Commercial Code and that the sole issue for trial is whether Pulsar has cured the defective delivery as provided in § 2–508. Any defenses based on timeliness of the actions taken have been waived.

(1) Where any tender or delivery by the seller is rejected because non-conforming and the time for performance has not yet expired, the seller may seasonably notify the buyer of his intention to cure and may then within the contract time make a conforming delivery.

(2) Where the buyer rejects a non-conforming tender which the seller had reasonable grounds to believe would be acceptable with or without money allowance the seller may if he seasonably notifies the buyer have a further reasonable time to substitute a conforming tender. L.1962, c. 553, eff. Sept. 27, 1964.

It is the position of the defendant that it offered to cure, but that Allied rejected the offer.

The defense testimony, however, was to the effect that all the returned parts would have to be tested, that those which proved to be suitable would be returned to Allied, that those which failed would be replaced, and that Allied refused to agree to this procedure. There was no testimony that Pulsar was willing to pay the cost of the testing. The plaintiff's testimony was to the effect that Pulsar never even offered to replace the returned chips.

The defense testimony, even if found to be established by a preponderance of the credible evidence, is not sufficient to constitute a cure within the meaning of the Uniform Commercial Code § 2–508.

First and foremost, Pulsar's right to cure is not dependent on the acceptance of its offer by Allied. Pulsar had an absolute right to cure by tendering replacement parts. Allied's refusal to accede to the proposed method of procedure for curing the defect could not defeat Pulsar's right to replace the parts. Further, it was not a refusal to accept a tender.

Further, the cost of securing compliance with the tender of replacement parts (the cost of the testing), is the obligation of Pulsar. *Travelers Indemnity Co. v. Maho Ma-*

---

4. By stipulation, these facts are conceded for purposes of this case only.

*chine Tool Corp.*, 952 F.2d 26, 29 (2d Cir. 1991). Pulsar never offered to conduct the proposed tests at its own expense.

In sum, Pulsar never communicated an unconditional intention to cure and never made or even tendered a conforming delivery. It has not established its defense of cure under U.C.C. § 2–508.

■ Allied also seeks reimbursement of the $70,875.00 it paid for the 25,000 substitute replacement parts. It is not entitled to this money over and above the recovery of the money it had paid to Pulsar for those parts. These replacement parts were secured at a far lesser cost than those purchased from Pulsar. Allied suffered no additional damage by purchasing replacement parts from a separate supplier.

Pulsar argues that Allied's damages should be limited to its cost in securing replacement parts. The price of these parts had plummeted during the intervening time, and the issue is whether Allied or Pulsar should reap the benefit of the reduction in price. The benefit falls to the purchaser, Allied. The initial sales transaction is to be treated independently of the cover transaction and any gains made on such cover will not defeat or diminish the buyer's damages as against the original seller. *Fertico Belgium v. Phosphate*, 70 N.Y.2d 76, 84, 517 N.Y.S.2d 465, 510 N.E.2d 334 (1987).

Finally, although the goods were returned to Pulsar on August 18, 1989, plaintiff does not seek interest on the money owed to it until January 23, 1990. Pre-judgment interest accrues at the rate of 9% per annum. N.Y. CPLR 5001, 5003, 5004. Post-judgment interest accrues as provided in 28 U.S.C. § 1961.

## CONCLUSION

The plaintiff is entitled to recover $365,750.00 from the defendant with interest thereon at the rate of 9% per annum from January 23, 1990, to the entry of judgment, and, thereafter, as provided in 28 U.S.C. § 1961.

## ORDER

The Clerk is directed to enter judgment in favor of the plaintiff Allied Semi–Conductors International Limited and against the defendant Pulsar Components International Inc. in the amount of $331,650.00, with interest thereon at the rate of 9% per annum from January 23, 1990, to the date of entry of judgment, and, thereafter, as provided by 28 U.S.C. § 1961, plus the taxable costs of the case.

SO ORDERED.