■ GREAT WESTERN BANK, Respondent, v VINCENT TERIO, Appellant, et al., Defendant. [606 NYS2d 904] —In an action to foreclose a mortgage on real property, the defendant Vincent Terio appeals from (1) an order of of the Supreme Court, Putnam County (Hickman, J.), dated July 27, 1992, which,

*inter alia,* granted the plaintiff's motion to strike his answer and to appoint a Referee, (2) an order of the same court, dated March 19, 1993, which denied his motion pursuant to CPLR 3211 (a) (8) to dismiss the action, (3) an order of the same court dated May 13, 1993, which, *inter alia,* granted the plaintiff's motion for a judgment of foreclosure and sale, and (4) a judgment of foreclosure and sale of the same court, entered May 19, 1993.

Ordered that the appeals from the orders dated July 27, 1992, March 19, 1993, and May 13, 1993, respectively, are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the orders are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The papers submitted in support of the plaintiff's motion for summary judgment established that (1) the appellant borrowed $251,250 from the plaintiff, (2) the loan was evidenced by a duly executed and recorded mortgage note and secured by a mortgage given by the appellant to the plaintiff encumbering the subject property, (3) the appellant defaulted on the payment due August 1, 1990, and (4) the default continued at the time the papers on the motion were prepared. Thus, the plaintiff established that it was entitled to foreclosure as a matter of law *(see, Alagappan v Jaffer,* 157 AD2d 687; *Gateway State Bank v Shangri-La Private Club for Women,* 113 AD2d 791, 792, *affd* 67 NY2d 627). By contrast, the appellant failed to meet his burden of demonstrating the existence of a factual issue requiring a trial or an acceptable excuse for his failure to do so. Accordingly, the court properly granted summary judgment to the plaintiff *(see,* CPLR 3212; *Zuckerman v City of New York,* 49 NY2d 557, 562; *Gateway State Bank v Shangri-La Private Club for Women, supra).*

We have reviewed the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Balletta, O'Brien and Santucci, JJ., concur.