Vincent R. TERIO, Plaintiff,

v.

GREAT WESTERN BANK, Defendant.

No. 93 Civ. 4377 (VLB).

United States District Court,
S.D. New York.

April 11, 1994.

Vincent R. Terio, pro se.

Jules A. Epstein, Philip Irwin Aaron, P.C., Syosset, NY, for defendant.

### MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

I

This lawsuit was brought by plaintiff *pro se* seeking to invalidate under various provisions of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, an action in New York State Supreme Court, Putnam County, by the defendant bank to foreclose on plaintiff's residential property. Plaintiff filed for Chapter 7 bankruptcy in October 1990 and was discharged from bankruptcy on January 29, 1991.

By order dated December 17, 1993, this case was referred to United States Magistrate Judge Mark D. Fox for pretrial purposes, 28 U.S.C. § 636(b)(1)(A), and for a Report and Recommendation on all motions filed in the action, 28 U.S.C. § 636(b)(1)(B), including defendant's motion to dismiss under Fed.R.Civ.P. 12(b). Judge Fox issued a Report and Recommendation dated March 22, 1994 to which plaintiff has submitted numerous objections, Dkt. # 26.

After considering plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C), I approve Judge Fox's carefully prepared report, which is attached to and made part of this memorandum order, and adopt his recommendation that defendant's motion to dismiss the complaint for failure to state a claim be granted and that plaintiff's various motions be denied.

The complaint being now dismissed, the reference to Judge Fox for pretrial purposes is moot. All proceedings previously scheduled in this case are cancelled.

## II

Although it is understandable that plaintiff as a non-lawyer might be led by the intricacies of the Bankruptcy Code to believe that he has a claim against the defendant bank, it is the duty of the court to examine the complaint and dismiss it where it is evident after careful scrutiny that the claims asserted lack merit. Plaintiff's objections have been considered and do not provide a basis in law for any contrary result.

## III

The only appropriate relief at this time concerning plaintiff's propensity for repetitive litigation, as noted in the Magistrate Judge's Report and Recommendation at 14, is a clear warning that my order dated July 23, 1993 remains in effect with reference to both this case and to other complaints recently filed by plaintiff in this court. In the July 23, 1993 order I directed plaintiff "to present a copy of this order to the Pro Se Clerk or any judicial officer in the Southern District of New York any time he should seek to file any other complaints or papers related to these cases or to claims connected in any way to his 1990 Bankruptcy Petition." Id. at 5. That ruling is reaffirmed and modified to the extent that a copy of this memorandum order is to be supplied as well.

Should plaintiff seek to revisit any of the issues decided in this memorandum order by the filing of new complaints in this district court in connection with his 1990 Bankruptcy Petition, one or more of the following events could occur:

(1) Further submissions or complaints may be filed but not docketed and treated as not requiring a response from defendant(s) unless the court finds they set forth a cognizable non-repetitive claim, see *Schoolfield v. New York City Dep't of Corrections,* 1992 WL 296691, 1992 U.S. Dist. LEXIS 17590 (S.D.N.Y. Oct. 21, 1992).

(2) Monetary sanctions may be considered under Fed.R.Civ.P. 11, which the court may initiate on its own motion. Enforcement of any monetary sanctions may be appropriate inasmuch as the bankruptcy case has been terminated.

(3) Prohibition of any filing by plaintiff without prior permission may be considered. See generally *In re Sassower,* 20 F.3d 42 (2d Cir.1994); *Safir v. United States Lines, Inc.,* 792 F.2d 19 (2d Cir.1986), *cert. denied* 479 U.S. 1099, 107 S.Ct. 1323, 94 L.Ed.2d 175 (1987).

## IV

Any federal stay now in effect with respect to this case is now vacated. In the interest of comity, an application to vacate any state court stay of the mortgage foreclosure proceeding at issue here should be addressed to the appropriate state court.

**SO ORDERED.**

## REPORT AND RECOMMENDATION

FOX, United States Magistrate Judge.

TO: THE HONORABLE VINCENT L. BRODERICK, U.S.D.J.

This matter is before the Court on Plaintiff's various motions and Defendant's cross motion to dismiss the complaint in response to and in opposition to Plaintiff's motions. The *pro se* complaint, which is divided into three (3) causes of action, is entitled, "COMPLAINT FOR MALICIOUS PROSECUTION AND ABUSE OF PROCESS PURSUANT [TO] 11 U.S.C. 362(a)–362(d)–524(a)(2) and C.P.L.R. 3217 DISCONTINUE ACTION TO FORECLOSE IN STATE SUPREME COURT, PUTNAM COUNTY & RULE 33 NOTICE OF CLAIM OF UNCONSTITUTIONALITY OF THE CIVIL

RULES" and seeks compensatory and punitive damages and "legal fees".[1]

Because the complaint is disjointed and reflects Plaintiff's lack of knowledge of the law, the facts will not be related in the order in which they appear. The basic facts are not in dispute. The only issues are whether the facts entitle him to any relief from this Court.

Plaintiff filed a voluntary chapter 7 petition in the Bankruptcy Court in Poughkeepsie on October 12, 1990. Prior thereto in June 1990 Plaintiff had borrowed $251,250 from Defendant as evidenced by a thirty (30) year note payable in equal monthly installments. Defendant secured the note with a mortgage on a property Plaintiff owned in Putnam County. The property had been appraised in May 1990 at $335,000. Plaintiff defaulted on the loan payments from the outset.

The bankruptcy case went forward with notice to the creditors. Plaintiff listed Defendant as a secured creditor for $251,250 on schedule A–2. Nobody appeared at the creditors' meeting, no creditor filed any claims against the debtor and no creditor objected to the property the debtor had listed as exempt. On December 12, 1990 the chapter 7 trustee marked the case "no asset", which designation the United States Trustee approved.[2] Plaintiff was discharged on January 29, 1991.

On January 16, 1991, while the automatic stay was allegedly in effect, Defendant commenced a foreclosure action in Supreme Court, Putnam County, which was assigned index no. 78/91. Plaintiff moved the Bankruptcy Court on February 25, 1991 for an order barring Defendant from pursuing the foreclosure action because Defendant had allegedly violated the automatic stay. On March 27, 1991 Plaintiff withdrew his motion

because Defendant agreed to follow Judge Berk's advice to discontinue the foreclosure action. Pursuant to N.Y.Civ.Prac.L. & R. § 3217, Defendant moved to discontinue the foreclosure action by an *ex parte* application of May 8, 1991; however Justice Dickinson ruled that the application could not be made *ex parte* and denied it. Defendant then returned to the Bankruptcy Court and applied for a termination of the stay, which Judge Berk granted by order of October 2, 1991. Having removed the obstacle, Defendant commenced foreclosure proceedings anew in the state court with new attorneys. This matter was assigned index no. 1952/91. According to Defendant's counsel, when they discovered that the first foreclosure action had not been discontinued, they moved to discontinue it. Justice Hickman granted this application in a short form order dated July 27, 1992, which stated:

> The Court notes that by order decided herewith, plaintiff [Great Western Bank] has been permitted to go forward with this action under Index No. 1952/91.

Justice Hickman reiterated this ruling in an order of February 25, 1993, which denied Plaintiff's subsequent motion to dismiss the first foreclosure action, index no. 78/91.[3] Thereafter, Justice Hickman granted Defendant's application for a judgment of foreclosure and appointed a referee to sell the property. On Plaintiff's notice of appeal, the New York Court of Appeals transferred the appeal(s) to the Appellate Division in two (2) orders, both of which appear at *Great Western Bank v. Terio*, 82 N.Y.2d 671, 601 N.Y.S.2d 565, 619 N.E.2d 643 (1993). The sale was noticed for July 13, 1993, but Plaintiff obtained a stay from the Appellate Division, Second Department, which either dismissed the appeals from or affirmed Justice Hickman's orders in two decisions dated Jan-

---

**1.** As best as I am able to determine, the reference to rule 33 refers to Local Civil Rule 33, which requires a party to notify the chief judge in writing that the constitutionality of a federal or state statute is being drawn into question. The complaint does not allege that any statute is unconstitutional, and a constitutional challenge cannot reasonably be inferred from the allegations.

**2.** This event merely documented the trustee's determination that the sale of the property secured by the mortgage would not produce any additional funds for the debtor's estate.

**3.** While Plaintiff's motion to dismiss was pending in the state court, he also had pending in the Bankruptcy Court a motion to avoid Defendant's lien pursuant to 11 U.S.C. § 522(f). Judge Berk denied this motion by order of March 11, 1993.

uary 18, 1994. *Great Western Bank v. Terio*, 606 N.Y.S.2d 904 (2d Dep't 1994) (mem.); *Great Western Bank v. Terio*, 606 N.Y.S.2d 903 (2d Dep't 1994) (mem.).[4]

As the first cause of action, Plaintiff seems to reason that by failing to file a proof of claim in the bankruptcy, Defendant forfeited its status as a secured creditor and thereby lost the opportunity to move the Bankruptcy Court to lift the automatic stay. Defendant thereby also lost any claim it might have to the remaining asset in the debtor's estate, which allegedly consists of $83,750. Complaint ¶ 15. Plaintiff apparently arrives at this "asset" by construing the difference between the amount he borrowed, $251,250, and the amount of the appraisal, $335,000, as "equity". *See* Complaint ¶ 25. Plaintiff concludes the first cause of action by alleging that "G.W.B. must bring the issue before the bankruptcy Court to seek relief from said 362 Stay, which G.W.B. failed to do, in order for the bankruptcy court to secure Creditor/Great Western Bank's interest." Complaint ¶ 15.

▆▆▆ On its face, Plaintiff's position is utter nonsense. Counsel for Defendant points out that any surplus from the sale of the property may be the subject of a dispute between Plaintiff and the other creditors of the bankrupt estate, and more significantly, that his client cannot pursue a deficiency judgment against Plaintiff under New York law because Plaintiff has obtained a discharge of that debt in the bankruptcy court. Epstein Aff. ¶ 18. Additionally, the record unequivocally discloses and Plaintiff pleads that Defendant sought and obtained a termination of the § 362 stay prior to instituting the foreclosure proceedings upon which Defendant ultimately obtained a judgment of foreclosure. Vacation of the automatic stay

following a discharge may occur to permit a creditor to foreclose on a mortgage. *See Delta Savings & Loan Association, Inc. v. Internal Revenue Service*, 847 F.2d 248, 250 (5th Cir.1988); *In re Ellison Associates*, 63 B.R. 756, 765 (S.D.N.Y.1983); *Noble v. Yingling*, 29 B.R. 998, 1002 (D.Del.1983); *In re Burns*, 112 B.R. 763, 765 (Bankr.E.D.Va. 1990); *In re Heywood*, 39 B.R. 910, 911 (Bankr.W.D.N.Y.1984). In sum, assuming *arguendo* that the complaint alleges something supportive of federal subject matter jurisdiction, the first cause of action fails to state a claim upon which relief may be granted and should be dismissed.

Pursuant to 11 U.S.C. § 362(h) the second cause of action specifically seeks compensatory damages of $83,750, punitive damages and attorney's fees for an alleged violation of the automatic stay. The violation assertedly occurred when Defendant filed the first mortgage foreclosure proceeding, index no. 78/91, which allegedly rendered his homestead unsalable.[5] Defendant concedes that this proceeding was void.

Under this heading Plaintiff further alleges that Defendant also violated the statutory injunction/prohibition (11 U.S.C. § 524(a)(2) and (3)) regarding commencing an action against a bankrupt debtor. He arrives at this hypothesis through erroneous reasoning as follows. The violation occurred on May 8, 1991 when Defendant moved *ex parte* to discontinue the first foreclosure action, which eventually resulted in the second successful foreclosure action. The motion to discontinue the first foreclosure action violated § 524(a)(2) and (3) because the debt had been discharged on January 29, 1991. Plaintiff adds that despite Judge Berk's advice that the first foreclosure action was void, the attorneys who commenced the action have

---

**4.** The Appellate Division's orders should dissolve the stay; however, it appears that either Judge Kram or Judge Patterson or both may have signed something containing some form of a stay, which your Honor has not subsequently vacated. Whether Defendant may proceed with a foreclosure sale at this time is not material to the disposition of this complaint nor the outstanding motions.

**5.** As an aside, I note that Plaintiff's failure to pay the mortgage was the condition precedent to

foreclosure; consequently, Plaintiff, and not Defendant, reduced the marketability of the property. Moreover, Plaintiff can only speculate that the sale of the property at an auction in 1993 would fetch the 1990 appraised value. More likely than not, the market declined from 1990 until 1993, and more significantly, in the marketplace of real estate, the context of a foreclosure sale in and of itself diminishes the value of the property.

"done nothing to vacate of record the said lis pendens action to foreclose against debtor Vincent Terio, in the Office of the Putnam County Clerk." Complaint ¶ 23.[6] Finally, Plaintiff states,

> [T]hat upon G.W.B.'s failure to discontinue said action taken in State Supreme Court, Putnam County, and at the same time seek relief from Section 362(d) (lifting said Stay), prior to discharge of debtor, G.W.B. was in violation of Section 362(a) Stay, Section 362(d) lifting said Stay, and Section 524(a)(2) discharge injunction of debtor, which prohibits the commencement of an action during bankruptcy Chapter 7 case and after discharge in bankruptcy of a debtor.

Complaint ¶ 25.

■ In reality, as Plaintiff is well aware, the state court permitted Defendant to proceed on the second foreclosure action. Contrary to Plaintiff's seeming belief, regardless of the validity of the first foreclosure proceeding, neither Defendant's failure to file a proof of claim nor the discharge of January 29, 1991 deprived Defendant of its security interest under the mortgage.

A secured creditor may, but need not, file a proof of claim. Under the express provisions of [11 U.S.C.] § 501, if it does so, and no objection is filed, its secured claim is "deemed allowed." If it files no proof of claim and no action is taken with regard to its lien, the lien is unaffected by bankruptcy. In other words, unless the secured creditor is hailed into bankruptcy court to respond to an effort to alter, amend or avoid its position, it may ignore the bankruptcy proceedings. *In re Maylin,* 155 B.R. 605, 61 (Bankr.D.Me. 1993); *see Matter of Folendore,* 862 F.2d 1537, 1539 (11th Cir.1989). "It is now well settled that a chapter 7 discharge eliminates the debtor['s] in personam liability on a secured debt while the in rem liability of the property held as security is unaffected and may be enforced by the mortgagee postdischarge." *In re Hagberg,* 92 B.R. 809, 811 (Bankr.W.D.Wis.1988) (citations omitted).

"Codifying the rule of *Long v. Bullard,* 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886), the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." *Johnson v. Home State Bank,* 501 U.S. 78, 83, 111 S.Ct. 2150, 2153, 115 L.Ed.2d 66 (1991) (citations omitted).

In sum, Plaintiff's second cause of action fails to state a claim upon which relief may be granted and should be dismissed. Plaintiff challenged Defendant's mortgage/lien in the Bankruptcy Court and lost. Plaintiff apparently thought or reasoned that Defendant's security interest was going to be discharged if it was listed in an appropriate schedule of creditors and appropriate notice was given and/or that the property was shielded by the discontinuance of the first foreclosure proceeding. He was wrong on both counts, and whatever recourse or remedy he might conceivably have, if any, does not lie in a plenary action in this Court.

The third cause of action, Complaint ¶¶ 27–32 is difficult to apprehend. After realleging paragraphs 16–25 as ¶ 26, Plaintiff inserts the heading, "COLLATERAL ESTOPPEL CLAUSE PURSUANT TO *AMENDMENT XIV 1 NOTE 1002".* As best as I can determine, the heading refers to the Notes of Decisions feature which the West Publishing Company adds to each section of its codification, United States Code Annotated. Reference to the Notes of Decisions for the Constitution, Amendment 14 discloses that Note 1002 is labeled "[Parties]—Estoppel". The complaint's allegations point towards an attempt to invoke the doctrine of collateral estoppel while completely ignoring its elementary requirements and the undisputable proceedings of record.

In support of this cause of action, Plaintiff first alleges that the Defendant's current attorney's violated 11 U.S.C. § 524(a)(2) by commencing the second foreclosure action. That point has already been adjudicated. Moving backwards in time, he next alleges that Judge Berk had no jurisdiction to con-

---

**6.** Different attorneys began and finished a second action. The Court is at a complete loss to understand how this failure harmed Plaintiff.

sider Defendant's application to vacate the automatic stay. That point is without merit. And then, jumping ahead to the motion for summary judgment on the second foreclosure action, he alleges that Defendant's attorney failed to attach the Request for Judicial Intervention to the moving papers and did not submit it until after all of the motion papers had been submitted, allegedly in violation of administrative rules. The Appellate Division, however, affirmed Supreme Court's order which granted Defendant's motion to discontinue the first foreclosure action. *Great Western Bank v. Terio,* 606 N.Y.S.2d 903 (2d Dep't 1994) (mem.). The net result is an assertion "[t]hat the "collateral estoppel clause" is asserted here because Great Western Bank has had his prior opportunity to have litigated his claim." Complaint ¶ 32.

■ At best, Plaintiff pleads a dispute with the ruling of a New York State trial court on a point of New York law, which ruling has been affirmed by a New York appellate court. Whatever recourse or remedy he might conceivably have, if any, does not lie in a plenary action in this Court. His reliance on collateral estoppel is also misplaced. The first foreclosure action did not result in a determination of the merits. It was discontinued with judicial permission, thereby eliminating its potential as a sword or shield of issue/claim preclusion. In sum, Plaintiff's third cause of action fails to plead any facts to sustain federal subject matter jurisdiction, fails to state any claim entitling Plaintiff to relief and should be dismissed.

The conclusion that the complaint is subject to dismissal strongly militates against granting Plaintiff's application for a default judgment. "It is within the discretion of the Court to deny motions for default judgment, especially where no prejudice is shown and it appears that defendants have substantial defenses." *Hazzard v. Weinberger,* 382 F.Supp. 225, 228 (S.D.N.Y.1974), *aff'd,* 519 F.2d 1397 (2d Cir.1975); *see Meehan v. Snow,* 652 F.2d 274, 277 (2d Cir.1981) (per curiam); *Williams v. Ward,* 556 F.2d 1143, 1149 (2d Cir.), *cert. dismissed,* 434 U.S. 944, 98 S.Ct. 469, 54 L.Ed.2d 323 (1977).

■ Contrary to Plaintiff's understanding, the summons did not issue until June 28,

1993. As Plaintiff had obtained poor person status pursuant to 28 U.S.C. § 1915, he allowed the marshal to serve the process. Fed.R.Civ.P. 4(c)(2)(B)(i). The marshal, who served by mail on June 29, 1993, included a notice and acknowledgment form which Defendant received on July 1, 1993 but did not return. "If no acknowledgment of service under this subdivision of this rule [*i.e.,* Fed. R.Civ.P. 4(c) ] is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph [*i.e.,* Fed.R.Civ.P. 4(c)(2) ] in the manner prescribed by subdivision (d)(1) or (d)(3)." Fed.R.Civ.P. 4(c)(2)(C)(ii) (in relevant part). Plaintiff did not accomplish the second service.

Contrary to Defendant's position, Epstein Aff. ¶ 5, the time to answer or otherwise move against the complaint began to run on receipt of the summons and complaint on July 1, 1993. Under the law in this Circuit, failure to accomplish the second service called for by the rule is inconsequential if the defendant actually receives the complaint and summons by mail. *Allied Semi–Conductors International Ltd. v. Pulsar Components International, Inc.,* 842 F.Supp. 653, 654 (E.D.N.Y.1993) (discussion therein); *Szarejko v. Great Neck School District,* 795 F.Supp. 81, 84–85 (E.D.N.Y.1992); *Darvoe v. Town of Trenton,* 785 F.Supp. 305, 307–308 (N.D.N.Y.), *aff'd,* 979 F.2d 845 (2d Cir.1992) (discussion therein); *Lee v. Carlson,* 645 F.Supp. 1430, 1432 (S.D.N.Y.1986), *aff'd,* 812 F.2d 712 (2d Cir.1987).

The Courts in the above cited decisions and others premise their rulings on *Morse v. Elmira Country Club,* 752 F.2d 35, 39–40 (2d Cir.1984), which construed the provisions of Rule 4 so as to save the plaintiff in that case from the statute of limitations. Referring to *Morse,* in *Buggs v. Ehrnschwender,* 968 F.2d 1544 (2d Cir.1992), the Court observed:

> We held only that the defendant's failure to return the acknowledgment form did not render the action time-barred because the personal service necessitated by that failure was not effectuated until after the statute of limitations had run.

*Id.* at 1548. Consequently, despite the seemingly substantial district court authority to the contrary, the Second Circuit's interpretation of Rule 4 in *Morse* has not yet relieved a plaintiff of the second service of process required by the rule if the acknowledgment form is not returned.

In this case if service is deemed complete on July 1, 1993, *i.e.*, when Defendant received the summons and complaint, under the explicit language of Fed.R.Civ.P. 12(a), the time for Defendant to answer or file a motion to dismiss ran to and including July 21, 1993, and the instant motion to dismiss, filed July 26, 1993, was late. I respectfully recommend that your Honor avoid this procedural issue and exercise discretion to deny Plaintiff's application for a default. Defendant's motion to dismiss was only late by five days. Plaintiff has not suffered any prejudice as a result of that brief delay, and more significantly, the allegations of the instant complaint do not merit allowing the parties to proceed to discovery, much less sustain a judgment in Plaintiff's favor. Plaintiff's application for a default should be denied. *See Alan Neuman Productions, Inc. v. Albright,* 862 F.2d 1388, 1392–1393 (9th Cir.1988), *cert. denied,* 493 U.S. 858, 110 S.Ct. 168, 107 L.Ed.2d 124 (1989); *Sony Corp. v. Elm State Electronics, Inc.,* 800 F.2d 317, 319 (2d Cir. 1986) ("[D]istrict courts regularly exercise their discretion to deny technically valid motions for default.") (citing cases); *McGuinness v. United States Postal Service,* 744 F.2d 1318, 1323 (7th Cir.1984); *Farmer v. Bowen,* No. CIV 88–1235L, 1989 WL 280262 at *1 n. 1 (W.D.N.Y. Oct. 5, 1989); *Dr. Ing. H.C.F. Porsche AG v. Zim,* 481 F.Supp. 1247, 1248 n. 1 (N.D.Tex.1979); *Carwile v. Ray,* 481 F.Supp. 33, 35 (E.D.Wash.1979); *Ahmad v. Levi,* 414 F.Supp. 597, 601 (E.D.Pa.1976); *cf. Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir.1981) ("[A] district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action. . . .").

Defendant also requests an injunction to "restrain Terio from commencing further proceedings in the Court without leave of court." Epstein Aff. ¶ 2. Recently, on behalf of the Judicial Council of the Second Circuit, Chief Judge Newman observed:

> With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints. Among the restrictions imposed have been prohibiting the filing of any matters in a designated category, requiring leave of court for future filings, and limiting *in forma pauperis* status.

*In re Sassower,* 20 F.3d 42, 44 (2d Cir.1994) (citations omitted).

> As our prior cases have indicated, the district court, in determining whether or not to restrict a litigant's future access to the courts, should consider the following factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

*Safir v. United States Lines, Inc.,* 792 F.2d 19, 24 (2d Cir.1986), *cert. denied,* 479 U.S. 1099, 107 S.Ct. 1323, 94 L.Ed.2d 175 (1987).

Your Honor is more fully aware of Plaintiff's propensity for litigation without merit based upon your experience with his numerous appeals from the orders of the Bankruptcy Court and my report and recommendation on the motion to dismiss the complaint in *Terio v. Terio,* No. 93 Civ. 4378 (VLB), 1994 WL 141980. Judge Goettel undoubtedly shares this awareness based upon his experience with Plaintiff's appeals from orders of the Bankruptcy Court. Quite likely, the

Court of Appeals shares this awareness from its review of Judge Goettel's rulings and from Plaintiff's repeated attempts to appeal orders that are not appealable, the most recent example of which occurred when the Court of Appeals dismissed Plaintiff's appeal of your Honor's discretionary order of reference of this case to the undersigned.

The record of this Court's experience with Plaintiff demonstrates that his positions and assertions, as evidenced by the allegations in his pleadings and the statements contained in numerous submissions, consistently lack merit because they either overlook or ignore the relevant and applicable law and facts. The latest example of Plaintiff's seemingly delusional inability to apprehend the indisputable emerges from a portion of a letter addressed to me dated March 16, 1994:

> On March 11, and 15, 1994 I was advised by your Chambers that the Notice of Taking Deposition upon Oral Examination has [been] adjourned by this Court from March 14, 1994 to April 12, 1994. The same day set for trial in the above entitled matters [referring to 93 Civ. 4377 and 93 Civ. 4378].
>
> It would appear under information and belief that this Court is waiving said disposition without oral examination and exhibits to be use on said trial of April 12, 1994.
>
> As a matter of due process of law, I respectfully request that deposition upon oral examination be held prior to said trial of April 12, 1994.

Your Honor did not refer this matter for trial. Plaintiff has not consented to trial of this matter before a United States Magistrate Judge. I have not scheduled a trial in this matter. These points are not subject to dispute and they have not changed since the date of your Honor's order of reference. Nevertheless, even after the Court of Appeals has dismissed the appeal from that order of reference, Plaintiff, apparently oblivious to reality, reiterates nonsense.

■ Proceeding *pro se*, Plaintiff has met four (4) of the five (5) requirements listed in *Safir*. In effect, Defendant has been deprived of its security interest for years. Plaintiff cannot reasonably believe that his prattle entitles him to relief. A simple foreclosure has been transformed into a federal case, which should not have been brought. If Plaintiff's poor person applications are to be believed, and they have been, he is sufficiently indigent that monetary sanctions will not deter him. Moreover, in an order dated July 23, 1993 in this matter, your Honor sought to undo the confusion Plaintiff had created by obtaining four (4) docket numbers for two (2) cases and in light of the circumstances directed Plaintiff, "to present a copy of this order to the Pro Se Clerk or any judicial officer in the Southern District of New York any time he should seek to file any other complaints or papers related to these cases or to claims connected in any way to his 1990 Bankruptcy Petition." Slip op. at 5. Arguably, therefore, an adequate injunction is already in effect.

Based on the foregoing, I respectfully recommend that your Honor (1) dismiss the complaint and (2) enjoin Plaintiff from instituting any further proceedings in this Court concerning the mortgage referred to in the complaint without first seeking permission to do so.[7] *See Polur v. Raffe,* 912 F.2d 52, 57 (2d Cir.1990), *cert. denied,* 499 U.S. 937, 111 S.Ct. 1389, 113 L.Ed.2d 446 (1991); *Safir, supra,* 792 F.2d at 25; *Abdullah v. Gatto,* 773 F.2d 487, 488 (2d Cir.1985) (per curiam); *Gabrelian v. Acampora,* No. CV–90–3234 (E.D.N.Y. Dec. 11, 1991) (1991 U.S. Dist. Lexis 18262 at *8); *1250 24th Street Associates Ltd. Partnership v. Brown,* 684 F.Supp. 326, 331 (D.D.C.1988); *Prevatte v. National Association of Securities Dealers, Inc.,* 682 F.Supp. 913, 919 (W.D.Mich.1988); *Carollo–Gardner v. Diners Club,* 628 F.Supp. 1253, 1257 (E.D.N.Y.1986).[8]

---

**7.** As an alternative to the injunction I have recommended, the instant proceeding should constitute a fair and firm warning to Plaintiff that enough is enough. *See Carlin v. Gold Hawk Joint Venture,* 778 F.Supp. 686, 694–695 (S.D.N.Y. 1991); *Lee v. Kropp,* No. 90 Civ. 7084 (MBM), 1991 WL 177235 at *1 (S.D.N.Y. Aug. 30, 1991)

(1991 U.S. Dist. Lexis 12192), *aff'd,* 962 F.2d 2 (2d Cir.1992); *Strauss v. Gilbert,* No. 88 C 938, 1989 WL 105993 at *2–*3 (E.D.N.Y. Sept. 7, 1989); *Pratol v. Londa,* No. CV–87–2041, 1987 WL 18775 at *4 (E.D.N.Y. Oct. 14, 1987).

**8.** In light of my recommendation in this case and in 90 Civ. 4378, discovery in both cases will

*NOTICE*

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Rule 72(b), Fed.R.Civ.P. the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Rule 6(e), Fed.R.Civ.P., or a total of thirteen (13) working days, (*see* Rule 6(a), Fed.R.Civ.P.), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Vincent L. Broderick, at the United States Courthouse, 101 East Post Road, White Plains, New York, 10601, and to the chambers of the undersigned, at the said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order or judgment that will be entered by Judge Broderick. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Frank v. Johnson,* 968 F.2d 298 (2d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of H.H.S.,* 892 F.2d 15, 16 (2d Cir.1989) (per curiam); *Wesolek v. Canadair, Ltd.,* 838 F.2d 55, 58 (2d Cir.1988). Requests for extensions of time to file objections must be made to Judge Broderick and should *not* be made to the undersigned.

Dated: March 22, 1994.

await your Honor's respective reviews of my reports. Additionally, in light of the complaint's deficiencies, adoption of the instant report and recommendation effectively moots Plaintiff's motions. He is obviously not entitled to temporary, preliminary or permanent injunctive relief nor to counsel from the *pro bono* panel.