■ MICHAEL BURSTIN, Respondent, v PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered January 21, 1983 in Sullivan County, which referred this matter to Trial Term for a determination of whether service of a notice of motion was effected on plaintiff. On August 29, 1981, plaintiff served defendant with a summons and notice on a cause of action for $45,000 in damages for which defendant was allegedly liable to plaintiff on a fire insurance policy. Defendant served a notice of appearance and demand for a complaint on plaintiff on September 11, 1981. No complaint was forthcoming. Therefore, on April 27, 1982, defendant moved for dismissal of the action for failure to serve a complaint (CPLR 3012, subd [b]). This motion was unopposed and was granted by order entered June 10, 1982. On October 6, 1982, plaintiff moved for an order vacating the previous order of dismissal on the ground that he never received notice of the motion to dismiss (CPLR 2214). Special Term, by order entered January 21, 1983, directed that the matter be referred to Trial Term for a determination of the issue of whether service of the notice of motion was effected on plaintiff. It is from this order that defendant appeals.

There should be an affirmance. Unavailing is defendant's argument that plaintiff's motion to vacate the order of dismissal should have been denied because of plaintiff's failure to submit either (1) a reasonable excuse for the delay in serving the complaint or (2) an affidavit of merit attesting to the validity of his claim (citing *Barasch v Micucci,* 49 NY2d 594, 599). While such requirements would have been applicable had plaintiff appeared to defend the original motion for dismissal, he did not, as noted above, make such an appearance. At issue here, then, is not the sufficiency of plaintiff's defense to that motion, but whether his failure to appear and defend the motion in *any* form was excusable solely upon establishing that defendant had failed properly to serve plaintiff with notice of the motion. We conclude that an absence of proper service is a sufficient and complete excuse for a default on the motion to dismiss. The failure to give requisite notice of motion deprives the court of jurisdiction to entertain the motion (*Morabito v Champion Swimming Pool Corp.,* 18 AD2d 706, 707) and "invalidate[s] the motion altogether" (Siegel, NY Prac, § 247, p 305). Accordingly, Special Term was correct in remitting the matter to Trial Term for a determination of whether plaintiff received such notice before rendering a decision on plaintiff's motion to vacate. Order affirmed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Levine, JJ., concur.