(January 20, 1987)

■ ALTAGRACIA ADAMES, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—Appeal from the order of the Supreme Court, New York County (Andrew R. Tyler, J.), entered on March 6, 1986, which denied defendant's motion for leave to reargue and renew its prior motion to vacate the default judgment dated April 12, 1984, is dismissed as subsumed in the appeal from the January 2, 1985 order.

Order of the Supreme Court, New York County (Andrew R. Tyler, J.), entered on January 2, 1985, which denied defendant's motion to vacate the default judgment dated April 12, 1984, is modified on the law to the extent of vacating the default judgment pending determination of the issue of whether defendant received notice of plaintiff's motion to strike defendant's answer, and the matter is remanded for a hearing thereon, without costs or disbursements.

The failure to provide proper service of a motion deprives the court of jurisdiction to entertain the motion *(Burstin v Public Serv. Mut. Ins. Co.,* 98 AD2d 928), and any default judgment procured in the absence of valid service is a nullity. *(Chase Manhattan Bank v Carlson,* 113 AD2d 734.) Defendant herein alleges by means of an affirmation from its attorney that it never received plaintiff's notice of motion to strike its answer. This is sufficient to overcome the presumption of service created by plaintiff's affidavit of service by mail. *(Sport-O-Rama Health & Fitness Center v Centennial Leasing Corp.,* 100 AD2d 584.) Accordingly, the Supreme Court was in error in denying defendant's motion to vacate its default without first referring the matter for a hearing to determine whether service was, in fact, properly effected upon defendant. Concur—Murphy, P. J., Sandler, Carro, Milonas and Wallach, JJ.