■ STATE OF NEW YORK et al., Appellants, v THEODORE HUBBARD et al., Respondents.—In an action for a permanent injunction and the assessment of civil penalties pursuant to ECL 71-0301, based on a violation of an order of the appellant Commissioner of the Department of Environmental Conservation suspending the right of the respondents to operate a solid waste management facility, the appeal is from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated June 10, 1985, as denied the appellants' motion to discontinue the action pursuant to CPLR 3217 (b) and, as, upon reargument, adhered to its prior determination denying a protective order with respect to certain examinations before trial.

Ordered that the appeal from so much of the order as, upon reargument, adhered to its prior determination denying a protective order with respect to certain examinations before trial, is dismissed, as academic; and it is further,

Ordered that the order is modified, in the exercise of discretion, by deleting the provision thereof which denied the plaintiffs' motion to discontinue the action, and substituting therefor a provision granting the motion. As so modified, the order is affirmed insofar as reviewed, with costs to the plaintiff.

The plaintiffs sought to discontinue their action. They failed to obtain a preliminary injunction pending the resolution of the action, which sought a permanent injunction and the assessment of civil penalties based on the defendants' alleged violation of an order of summary suspension of landfill opera-

tions issued by the plaintiff Commissioner. Thereafter the plaintiff Commissioner vacated the prior order and issued a modified order of summary suspension which set forth conditions that when complied with and approved by the plaintiff Commissioner would permit the defendants to continue operations.

There is no prejudice or injustice that will result from such discontinuance, since, absent the order of summary suspension which has been vacated, the plaintiffs cannot maintain the action pursuant to ECL 71-0301. Thus, it was an abuse of discretion to deny the plaintiffs' application to discontinue the action *(see, County of Westchester v Becket Assoc.,* 102 AD2d 34, *appeals dismissed* 64 NY2d 734, *affd* 66 NY2d 642).

The defendants are admittedly subject to regulation by the plaintiffs by virtue of their ownership and operation of the landfill and continue to be subject to the administrative procedures of the plaintiffs. The defendants have no right to have an action continued that cannot be prosecuted. Niehoff, J. P., Kunzeman, Kooper and Sullivan, JJ., concur.