■ ARNOLD A. BRENHOUSE, Appellant, v ANTHONY INDUSTRIES, INC., Respondent.—In an action to recover damages for breach of a contract to construct a swimming pool, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Buell, J.), dated September 14, 1988, which dismissed the complaint with prejudice and reinstated an arbitration award and (2) a judgment of the same court, entered December 20, 1988, which is in favor of the defendant on its counterclaim and against him in the principal sum of $5,395.05.

Ordered that the order dated September 14, 1988, is modified by deleting the provision thereof reinstating the arbitration award; as so modified, the order is affirmed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff commenced this action in 1984 to recover approximately $5,000 in damages allegedly caused by the defendant's failure to correct certain defects in the construction of an indoor swimming pool. A note of issue was filed in October 1985 and the matter was referred to an arbitration panel pursuant to 22 NYCRR part 28. The plaintiff subsequently brought two successive motions to amend the complaint to increase the ad damnum clause and to remove the

matter from arbitration. Both motions were denied due to the insufficiency of the plaintiff's supporting affidavits. In July 1987 after the arbitration panel decided the matter in the defendant's favor, the plaintiff demanded a trial de novo pursuant to 22 NYCRR 28.12. The trial was adjourned from May to September 1988 at the plaintiff's request. On the trial date, the plaintiff requested that the case be marked off the calendar and the note of issue vacated subject to reinstatement at a future time. When the court denied that motion, the plaintiff requested that the complaint be dismissed without prejudice. The court dismissed the complaint with prejudice, reinstated the arbitration award and severed the defendant's counterclaim for attorney's fees.

Contrary to the plaintiff's contention, we find that dismissal of the complaint with prejudice was warranted under the circumstances. CPLR 3217 (b) permits a court to impose conditions on granting a motion for a discontinuance. Prejudice to the defendant and other special circumstances will preclude granting a motion for a discontinuance without prejudice (see, Valladares v Valladares, 80 AD2d 244, affd 55 NY2d 388; cf., Tucker v Tucker, 55 NY2d 378; Bonfante v Hadar Homes, 84 AD2d 570). Similarly, such considerations would justify imposing, as a condition for granting a discontinuance, a requirement that no new action be commenced on the same claim. Here the defendant was prejudiced by the plaintiff's inordinate delay in seeking a discontinuance.

However, once the complaint was dismissed, it was improper for the court to reinstate the arbitration award. The plaintiff's demand for a trial de novo served to vacate the arbitration award (see, Allison v State Painting & Decorating Co., 141 Misc 2d 797; Flum v Goldman Band Concerts, 128 Misc 2d 42).

The court awarded the defendant a judgment on its counterclaim for attorney's fees. We decline to disturb the court's determination that the award was authorized under the provisions of the parties' contract. The contract language was clear and explicit that "[r]easonable attorney's fees shall be awarded to the prevailing party in any suit brought under this Contract".

In view of our determination that dismissal of the complaint with prejudice was not erroneous, we do not reach the plaintiff's remaining contention that the denial of his motions to amend the complaint was improper. Mollen, P. J., Rubin, Sullivan and Rosenblatt, JJ., concur.