■ In the Matter of COMMISSIONER OF THE FRANKLIN COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of CARLA L., Appellant, v TERRY M., Respondent.—Mercure, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered September 14, 1990, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Carla L.

In September 1989 Carla L., a recipient of Aid to Dependent Children, executed an affirmation of paternity wherein she alleged that respondent was the father of her unborn child. Following the birth of the child on December 6, 1989, petitioner commenced this paternity proceeding in Family Court. On June 12, 1990, Family Court entered an order requiring respondent, the mother and the child to submit to blood genetic marker testing on June 26, 1990 *(see,* Family Ct Act § 532 [a]). On or about June 19, 1990, the mother executed a claim of good cause for refusing to cooperate with petitioner in establishing paternity *(see,* 18 NYCRR 369.2 [b] [4]) and advised petitioner that she did not intend to appear for blood testing. Neither the mother nor the child appeared for blood testing at the scheduled time and place. On August 24, 1990, following its receipt of a physician's report indicating that the stress of court proceedings had affected the mother's physical and mental well-being, petitioner made a determination that good cause did exist for her refusal to cooperate. Subsequently, respondent moved to dismiss the petition because of the mother's failure to attend the scheduled blood testing, and petitioner cross-moved, *inter alia,* for leave to withdraw the petition and voluntarily discontinue the proceeding. Family Court granted respondent's motion and dismissed the proceeding with prejudice to petitioner. Petitioner appeals.

We reverse. In the absence of special circumstances, such as "[p]articular prejudice to [respondent] or other improper consequences", a party's application for voluntary discontinuance

should be granted *(Tucker v Tucker,* 55 NY2d 378, 383; *see,* CPLR 3217 [b]; Family Ct Act § 165 [a]; *County of Westchester v Becket Assocs.,* 102 AD2d 34, 49, *affd* 66 NY2d 642; *Farm Stores v School Feeding Corp.,* 79 AD2d 504, 505, *affd* 53 NY2d 910). Our review of the record discloses no such circumstances. We note that, at the time of its dismissal, the proceeding had been pending for only a matter of months, and there is no indication that respondent had been required to engage in discovery or other pretrial proceedings or had prepared his case for trial. Further, Family Court's concern that respondent not be kept "on the hook" pending possible reinstitution of the proceeding did not justify the action taken here. It is the lengthy Statute of Limitations *(see,* Family Ct Act § 517) and not the proposed discontinuance which continues respondent's exposure, particularly in view of the fact that, even following Family Court's order, the mother and the child were free to commence a proceeding at any time prior to the child's 21st birthday *(see,* Family Ct Act § 517). We also note that petitioner's determination of good-faith refusal to cooperate is subject to periodic review *(see,* 18 NYCRR 369.2 [b] [8]) and that the proceeding could be reinstituted as soon as the mother's condition improved sufficiently. In the circumstances present here, the mother's refusal to attend the scheduled blood testing did not justify dismissal of the petition with prejudice.

Mahoney, P. J., Mikoll, Yesawich Jr. and Harvey, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied and cross motion for a voluntary discontinuance of the proceeding granted.