■ GREAT WESTERN BANK, Respondent, v VINCENT TERIO, Appellant, et al., Defendant. [606 NYS2d 903] —In an action to foreclose a mortgage, the defendant appeals from an order of

the Supreme Court, Putnam County (Hickman, J.), dated July 27, 1992, which granted the plaintiff's motion to discontinue the first of two foreclosure actions.

Ordered that the order is affirmed, with costs.

The defendant's contention that the court erred by granting the plaintiff's motion for a voluntary discontinuance is without merit. The authority of a court to grant or to deny an application pursuant to CPLR 3217 (b) for a voluntary discontinuance of an action is within its sound discretion *(Tucker v Tucker,* 55 NY2d 378, 383). In the absence of special circumstances, such as particular prejudice to the defendant or other improper consequences, an application for a voluntary discontinuance should be granted *(see,* CPLR 3217 [b]; *Tucker v Tucker, supra; Matter of Commissioner of Franklin County Dept. of Social Servs. v Terry M.,* 178 AD2d 881; *State of New York v Hubbard,* 126 AD2d 717, 718; *County of Westchester v Becket Assocs.,* 102 AD2d 34, 49, *affd* 66 NY2d 642). Additionally, when two actions for the same relief are pending, it is within the court's discretion to dismiss a prior pending action instead of dismissing the later action pursuant to CPLR 3211 (a) (4) *(see, Dunn v Dunn,* 86 AD2d 772, 774).

Here, there are no "special circumstances" to warrant the denial of the plaintiff's motion to discontinue the first foreclosure action under Putnam County Index No. 78/91. It is undisputed that the defendants defaulted on their mortgage payments and it is clear that the plaintiff had a right to foreclose on the subject property. The plaintiff gave proper notice of discontinuance to the defendants as required by CPLR 3217. Although the defendants had obtained a bankruptcy stay prior to the plaintiff's commencement of the first foreclosure action, the record establishes that the plaintiff successfully moved in Bankruptcy Court to vacate the automatic stay prior to filing the second action. Based on these facts, it was within the court's discretion to discontinue the first action and to allow the second action to proceed *(see, Alagappan v Jaffer,* 157 AD2d 687; *Gateway State Bank v Shangri-La Private Club for Women,* 113 AD2d 791, 792; *Dunn v Dunn,* 86 AD2d 772, 774, *supra).*

We have reviewed the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Balletta, O'Brien and Santucci, JJ., concur.