■ FLEET REAL ESTATE FUNDING CORP., Respondent, v JOHN Ross et al., Defendants, and SHARON Y. ROSS, Also Known as SHARON MADISON, Appellant. [610 NYS2d 846] —In an action to foreclose a mortgage on real property, the defendant Sharon Ross a/k/a Sharon Madison appeals from (1) stated portions of an order of the Supreme Court, Nassau County (Goldstein, J.), entered June 6, 1991, which, *inter alia,* granted the plaintiff's motion for summary judgment, and (2) a judgment of the same court, dated January 12, 1992, entered thereon.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal herefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The papers submitted in support of the plaintiff's motion for summary judgment established that (1) the appellant borrowed $93,400 from the prior holder of the note the plaintiff currently possesses, (2) the loan was evidenced by a duly executed and recorded mortgage note and secured by a mortgage encumbering the subject property, (3) the appellant defaulted on a payment due on January 1, 1989, and, (4) the default continued at the time the papers on the motion were prepared. Thus, the plaintiff established that it was entitled to foreclosure as a matter of law *(see, Great W. Bank v Terio,* 200 AD2d 608).

The appellant failed to meet her burden of demonstrating the existence of a factual issue requiring a trial. Accordingly, the court properly granted summary judgment to the plaintiff (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Great W. Bank v Terio, supra).* Sullivan, J. P., Miller, Joy and Friedmann, JJ., concur.