■ JOHN J. ANGERAME et al., Respondents, v MICHAEL NISSENBAUM, Appellant. [617 NYS2d 194] —In an action to recover damages for professional malpractice, the defendant appeals from an order of the Supreme Court, Suffolk County (Henry, J.) dated March 17, 1993, which denied his motion for summary judgment and granted the plaintiffs' cross motion to discontinue their action without prejudice on the condition that they apply for leave of court before reinstating their action.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the complaint is dismissed.

While it is true that a plaintiff should be permitted to discontinue an action without prejudice in order to rectify a tactical error, simplify the form of the action, or avoid juror confusion, generally leave to discontinue an action without prejudice should not be granted to enable a plaintiff to circumvent the effect of a court order in the defendant's favor, since prejudice would inure to the defendant *(see, Brenhouse v Anthony Indus.,* 156 AD2d 411; *Valladares v Valladares,* 80 AD2d 244). Since the granting of the plaintiffs' cross motion essentially enabled them to circumvent the previously-issued order precluding them from offering evidence as to the nature

of their claim of malpractice, it was improper for the court to grant the cross motion in this case.

Moreover, the court should have granted the defendant's motion for summary judgment, since the court's prior order precluding the plaintiffs from offering evidence with respect, *inter alia,* to "what constituted this malpractice", rendered it impossible for them to make out a prima facie case of malpractice against the defendant *(see, e.g., Febesh v Elcejay Inn Corp.,* 157 AD2d 102). Thompson, J. P., Miller, O'Brien, Santucci and Joy, JJ., concur.