■ FRANCES MATHIAS, Doing Business as WEIMAR NEWS DELIVERY, INC., et al., Appellants, et al., Plaintiffs, v DAILY NEWS, L.P., Respondent. [752 NYS2d 896] —In an action, inter alia, to recover damages for breach of contract, the plaintiffs, with the exception of Maria Gagolewski, doing business as M.N.S. News, Nick Destanis, doing business as DN Home Delivery, and Pasquale Campinelli, doing business as Camris, Inc., appeal from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated October 16, 2001, as, upon granting the plaintiffs' motion for leave to discontinue the action pursuant to CPLR 3217 (b), did so "with prejudice."

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements, and the action is discontinued without prejudice.

The determination of a motion for leave to voluntarily discontinue an action without prejudice pursuant to CPLR 3217 (b) rests within the sound discretion of the court (*see Tucker v Tucker,* 55 NY2d 378, 383). However, in the absence of special circumstances, such as prejudice to a substantial right of the defendant, or other improper consequences, a motion for a voluntary discontinuance should be granted (*see Burnham Serv. Corp. v National Council on Compensation Ins.,* 288 AD2d 31, 32; *Citibank v Nagrotsky,* 239 AD2d 456, 457; *Great W. Bank v Terio,* 200 AD2d 608, 609; *Brockman v Turin,* 130 AD2d 616). Here, the Supreme Court correctly determined that the defendant's rights would not be prejudiced by a voluntary discontinuance of this action.

While a plaintiff should not be permitted to discontinue an action without prejudice for the purpose of circumventing a prior order of the court (*see Aison v Hudson Riv. Black Riv. Regulating Dist.,* 279 AD2d 754, 755; *DuBray v Warner Bros. Records,* 236 AD2d 312, 314; *Angerame v Nissenbaum,* 208 AD2d 579), we reject the defendant's contention that such a discontinuance would enable the appellants to evade the adverse consequences of the prior order denying their motion for a preliminary injunction. The denial of a motion for a preliminary injunction is not an adjudication of the ultimate merits of a plaintiff's claims (*see Peterson v Corbin,* 275 AD2d 35). Thus, under the circumstances of this case, the Supreme Court improperly directed that the discontinuance of the action be "with prejudice." Smith, J.P., O'Brien, Krausman and Rivera, JJ., concur.