In the Matter of WILLIAM A. FIACCO, Respondent, v DIANA L. ENGLER, Appellant. [911 NYS2d 701]—

Kavanagh, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered January 26, 2010, which, in a proceeding pursuant to Family Ct Act article 6, granted petitioner's motion to dismiss the petition, without prejudice.

The parties are the parents of a child (born in 1993) and, pursuant to an order entered in 2006, respondent (hereinafter the mother) was awarded sole custody of the child, with petitioner

(hereinafter the father) being permitted to have contact with the child through written communications and phone conversations monitored by the mother. In May 2009, the father filed a petition seeking full custody of the child, claiming that the mother had unreasonably restricted his contact and communication with the child. At the first appearance on this petition in June 2009, the father notified Family Court that he had filed complaints against his assigned counsel, as well as against the court and the attorney for the child. As a result, his counsel sought, and was permitted, to be relieved of the assignment. The father failed to appear at the next two scheduled court appearances and newly assigned counsel moved, by order to show cause, to be relieved. A third attorney was assigned to represent the father and a trial date of January 22, 2010 was set. Before the trial date, Family Court conducted a *Lincoln* hearing with the child. However, the day before trial, the father's counsel sent a letter on the father's behalf indicating that he wished to withdraw the custody petition. The mother, as well as the attorney for the child, advised that they would consent to a dismissal of the petition, but only on the condition that it be entered with prejudice. The court dismissed the petition without prejudice, and the mother now appeals.

"Generally, a voluntary discontinuance is without prejudice, unless the order, notice, or stipulation of discontinuance states otherwise. An order of discontinuance with prejudice is appropriate where such is necessary to prevent the plaintiff from harassing the defendant with further litigation" (1 NY Jur 2d, Actions § 125; *see* CPLR 3217; *NBN Broadcasting v Sheridan Broadcasting Networks*, 240 AD2d 319 [1997]).[1] In this regard, whether an application to discontinue an action pursuant to CPLR 3217 (b) should be granted lies within the sound exercise of the court's discretion (*see Pearson v New York City Health & Hosps. Corp. [Harlem Hosp. Ctr.]*, 10 NY3d 852, 854 [2008]; *Christenson v Gutman*, 249 AD2d 805, 806 [1998]), and such should be entered "upon terms and conditions, as the court deems proper" (CPLR 3217 [b]; *see* Siegel, NY Prac § 298 [4th ed]). Here, the father's request to discontinue this proceeding came on the eve of trial and only after the child had been compelled to participate in a *Lincoln* hearing.[2] Moreover, the father's persistent failure to appear as required at regularly scheduled

---

1. Since the Family Court Act does not address voluntary discontinuances, the provisions of the CPLR must govern this aspect of the proceeding (*see* Family Ct Act § 165 [a]).

2. The attorney for the child reported that the child suffered a "panic attack" as a result of the *Lincoln* hearing.

court appearances provides ample support for the mother's contention that this petition was filed by him principally as a means by which he could harass and annoy her. As a result, we find that the discontinuance should have been with prejudice (*compare Matter of Commissioner of Franklin County Dept. of Social Servs. v Terry M.*, 178 AD2d 881, 881-882 [1991]).

Spain, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is modified, on the facts, without costs, by dismissing the petition with prejudice, and, as so modified, affirmed.