■ In the Matter of LYDIA DD., a Person Alleged to be a Juvenile Delinquent. BROOME COUNTY ATTORNEY'S OFFICE, Respondent; LYDIA DD., Appellant. [943 NYS2d 635]—

Rose, J. Appeal from an amended order of the Family Court of Broome County (Connerton, J.), entered September 16, 2011, which, in a proceeding pursuant to Family Ct Act article 3, denied respondent's motion to dismiss the petition as moot.

Petitioner commenced this juvenile delinquency proceeding by filing a petition on July 19, 2011 alleging that respondent (born in 1998) committed acts which, if committed by an adult, would constitute the crime of grand larceny in the third degree. By notice of motion dated August 10, 2011, with a return date of August 29, 2011, respondent moved to dismiss the petition on the ground that, among other things, it was fatally insufficient

on its face. On August 26, 2011, petitioner faxed a letter to respondent's counsel and Family Court indicating that it "would like to withdraw the pending petition." Family Court issued an order deeming both the petition and respondent's motion "withdrawn and dismissed, without prejudice." Respondent's counsel immediately wrote to the court that the motion to dismiss had not been withdrawn and that he would not consent to dismissal of the petition unless it was with prejudice. Family Court thereupon amended its order by denying respondent's motion to dismiss, without prejudice, as moot. Respondent appeals from the amended order.

We agree with respondent that the August 26, 2011 letter must be viewed as a motion for voluntary discontinuance pursuant to CPLR 3217 (b) (*see* Family Ct Act § 165 [a]; *Matter of Fiacco v Engler*, 79 AD3d 1206, 1207 n 1 [2010]) and, in the absence of proper service, Family Court was without jurisdiction to grant the motion (*see Bianco v LiGreci*, 298 AD2d 482 [2002]; *Burstin v Public Serv. Mut. Ins. Co.*, 98 AD2d 928, 929 [1983]; *see also* 22 NYCRR 205.11 [b]). There is no affidavit of service or other evidence in the record proving that petitioner served respondent with the letter and, although petitioner submits a fax transmission sheet as part of its appendix reflecting transmission to respondent's counsel, he did not consent to such service. In any event, there is no evidence of a follow-up mailing as required to complete such service (*see* CPLR 2103 [b] [5]).

Furthermore, there is no basis for petitioner's contention that the petition was dismissed pursuant to Family Ct Act § 315.2. Family Court did not set forth any reasons upon the record for dismissing the petition in the furtherance of justice as required by that statute (*see* Family Ct Act § 315.2 [2]) and, in any event, such a dismissal is considered a termination of the proceeding in respondent's favor (*see* Family Ct Act § 375.1 [2] [b]).

Peters, P.J., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the amended order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.