■ Wells Fargo Bank, N.A., Appellant, v Benjamin Fisch et al., Respondents, et al., Defendant. [959 NYS2d 260]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated December 12, 2011, as, upon granting, in effect, its application for leave to discontinue the action pursuant to CPLR 3217 (b), did so "with prejudice."

Ordered that on the Court's own motion, the notice of appeal is deemed an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the action is discontinued without prejudice.

"An application for leave to discontinue an action without prejudice 'is addressed to the legal, not the arbitrary, discretion of the court,' and thus should be granted unless there are reasons which would justify its denial" (*Valladares v Valladares*, 80 AD2d 244, 257-258 [1981], *mod on other grounds sub nom. Tucker v Tucker*, 55 NY2d 378 [1982], quoting *Winans v Winans*, 124 NY 140, 145 [1891]). "The general rule is that plaintiff should be permitted to discontinue the action without prejudice, unless defendant would be prejudiced thereby" (*Valladares v Valladares*, 80 AD2d at 258; *see Brenhouse v Anthony Indus.*, 156 AD2d 411, 412 [1989]; *see also Mathias v Daily News*, 301 AD2d 503, 504 [2003]; *Parraguirre v 27th St. Holding, LLC*, 37

AD3d 793, 793-794 [2007]; *Great W. Bank v Terio*, 200 AD2d 608 [1994]).

Here, there was no basis for the Supreme Court's directive that the voluntary discontinuance of this action be "with prejudice." Accordingly, the court should have discontinued the action without prejudice (*see Mathias v Daily News*, 301 AD2d 503 [2003]). Skelos, J.P., Dickerson, Chambers and Hinds-Radix, JJ., concur.