■ AMERICA'S RESIDENTIAL PROPERTIES, LLC, Appellant, v MANUAL LEMA, Respondent, et al., Defendants. [987 NYS2d 169]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated June 7, 2012, which denied its motion for leave to discontinue the action without prejudice and granted the cross motion of the defendant Manual Lema to dismiss the action with prejudice and for an award of attorneys' fees.

Ordered that the order is reversed, on the facts, with costs, the plaintiff's motion for leave to discontinue the action without prejudice is granted, and the cross motion of the defendant Manual Lema to dismiss the action with prejudice and for an award of attorneys' fees is denied.

The plaintiff moved for leave to discontinue this foreclosure action without prejudice. The defendant Manual Lema (hereinafter the respondent) cross-moved, inter alia, to dismiss the action with prejudice on the ground that the Supreme Court had, in effect, determined in a prior order that the plaintiff lacked standing. However, in the order appealed from, the Supreme Court denied the plaintiff's motion and granted the respondent's cross motion on the ground that the plaintiff had failed to file an affirmation of counsel as required by Administrative Order of the Chief Administrative Judge of the Courts AO/431/11.

The Supreme Court erred in granting that branch of the respondent's cross motion which was to dismiss the action with prejudice on a ground that was not litigated or raised by the parties (*see Taylor v Curry*, 107 AD3d 879 [2013]; *Greene v Davidson*, 210 AD2d 108, 109 [1994]; *Matter of Dental Socy. of State of N.Y. v Carey*, 92 AD2d 263, 264 [1983], *affd* 61 NY2d 330 [1984]; *see also Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d 1148, 1152 [2011]; *cf. Tirado v Miller*, 75 AD3d 153, 154 [2010]). Furthermore, there was no basis for

dismissing the action with prejudice. The general rule is that a plaintiff should be permitted to discontinue an action without prejudice unless the defendant would be prejudiced thereby (*see Wells Fargo Bank, N.A. v Fisch*, 103 AD3d 622, 622 [2013]; *Brenhouse v Anthony Indus.*, 156 AD2d 411, 412 [1989]; *Valladares v Valladares*, 80 AD2d 244, 258 [1981]; *see also Parraguirre v 27th St. Holding, LLC*, 37 AD3d 793, 793-794 [2007]; *Mathias v Daily News*, 301 AD2d 503, 504 [2003]; *Great W. Bank v Terio*, 200 AD2d 608 [1994]). Here, there is no evidence that the respondent would be prejudiced. We also note that, although the respondent argued in the Supreme Court that the action should be dismissed with prejudice based on the plaintiff's alleged lack of standing, it has not raised the issue of the plaintiff's standing on this appeal.

In light of our conclusion, the respondent also is not entitled to an award of attorneys' fees.

Accordingly, the Supreme Court should have granted the plaintiff's motion for leave to discontinue the action without prejudice, and denied the defendant's cross motion to dismiss the action with prejudice and for an award of attorneys' fees (*see Wells Fargo Bank, N.A. v Fisch*, 103 AD3d at 622; *Mathias v Daily News*, 301 AD2d 503 [2003]). Dillon, J.P., Hall, Austin and Sgroi, JJ., concur.