■ JOHN LEE et al., Appellants, v I-SHENG LI, Also Known as JACKSON LI, and Others, et al., Respondents, et al., Defendants. [10 NYS3d 451]—

In an action, inter alia, to recover damages for fraud, conversion, and breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), dated August 21, 2013, which, in effect, dismissed their motion, inter alia, to consolidate this action with a summary proceeding entitled *I-Sheng Li v Lee*, pending in the Civil Court, Queens County, under index No. 80325/12.

Ordered that the order is affirmed, without costs or disbursements.

After commencing this action, inter alia, to recover damages for fraud, conversion, and breach of fiduciary duty, the plaintiffs moved, among other things, to consolidate the action with a summary proceeding entitled *I-Sheng Li v Lee*, pending in the Civil Court, Queens County, under index No. 80325/12. The Supreme Court, in effect, dismissed the motion on the ground that the motion papers did not include sufficient proof of service on three of the defendants. The plaintiffs appeal.

The failure to provide proper service of a motion deprives the court of jurisdiction to entertain the motion (*see Crown Waterproofing, Inc. v Tadco Constr. Corp.*, 99 AD3d 964, 965 [2012]; *Daulat v Helms Bros., Inc.*, 32 AD3d 410, 411 [2006]). The record before this Court does not demonstrate that the plaintiffs properly served all of the defendants with their motion. The plaintiffs' contention that some of the defendants were properly served using the New York State Courts' electronic filing system, raised for the first time on appeal, is not properly before this Court (*see Petrozza v Franzen*, 109 AD3d 650 [2013]). Accordingly, the Supreme Court properly, in effect, dismissed the plaintiffs' motion on the ground that the motion papers did not include sufficient proof of service on three of the defendants (*see Wells Fargo Bank, N.A. v Reid*, 122 AD3d 832 [2014]).

In light of our determination, we need not reach the

plaintiffs' remaining contentions. Dillon, J.P., Leventhal, Austin and LaSalle, JJ., concur.