# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  December 29, 2016                    522701
_____

In the Matter of  THOMAS
    GABRIEL,
                    Respondent,

            v                           MEMORANDUM AND ORDER

STEPHANIE MORSE,
                    Appellant.
_____

Calendar Date:  November 16, 2016

Before:  Egan Jr., J.P., Lynch, Rose, Clark and Aarons, JJ.

_____

Maxwell & Van Ryn, LLP, Delmar (Paul W. Van Ryn of counsel), for appellant.

William V. O'Leary, Albany, attorney for the child.

_____

Rose, J.

Appeal from an order of the Family Court of Albany County (Maney, J.), entered January 12, 2016, which, among other things, in a proceeding pursuant to Family Ct Act article 6, granted petitioner's motion to withdraw the petition.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of a son (born in 2008).  A 2013 order of custody awarded the mother sole legal and primary physical custody of the child, suspended the father's visitations and directed the father to submit to a substance abuse evaluation.  After completing an in-patient rehabilitation program, the father commenced this modification proceeding seeking joint legal custody and a schedule of parenting time. When the father failed to fully respond to the mother's requests

to disclose his treatment records, she moved for an order dismissing this proceeding with the condition that the father provide certified copies of his treatment records prior to refiling the petition. Thereafter, the father faxed a letter to Family Court seeking to withdraw the petition without prejudice. The father also faxed the letter to the mother's counsel, despite the fact that the fax number set forth on prior correspondence from the mother's counsel expressly provided that it was not to be used for service purposes (see CPLR 2103 [b] [5]). In addition, the father failed to follow up the fax to the mother's counsel with a mailed copy of the letter, as required to complete service (see CPLR 2103 [b] [5]). Notwithstanding these failures, Family Court granted the father's request within a few hours of receiving it, dismissed the petition without prejudice and denied the mother's motion as moot. The mother now appeals, and we reverse.

We agree with the mother that the father's letter must be treated as a motion for voluntary discontinuance pursuant to CPLR 3217 (b) (see Family Ct Act § 165 [a]; Matter of Lydia DD., 94 AD3d 1385, 1386 [2012]; Matter of Fiacco v Engler, 79 AD3d 1206, 1207 n 1 [2010]) and, as such, it must comply with the applicable service requirements (see CPLR 2103 [b] [5]; 2214 [b]). Inasmuch as the father's failure to effectuate proper service here "deprive[d] the court of jurisdiction to entertain the motion" (Lee v I-Sheng Li, 129 AD3d 923, 923 [2015]; see Matter of Lydia DD., 94 AD3d at 1386; Bianco v LiGreci, 298 AD2d 482, 482 [2002]; Adames v New York City Tr. Auth., 126 AD2d 462, 462 [1987]; Burstin v Public Serv. Mut. Ins. Co., 98 AD2d 928, 929 [1983]), we find that Family Court erred in dismissing the petition. In light of our determination, the mother's remaining contentions are rendered academic.

Egan Jr., J.P., Lynch, Clark and Aarons, JJ., concur.

ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court