Matter of Reid v Brown (2018 NY Slip Op 06916)





Matter of Reid v Brown


2018 NY Slip Op 06916


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-07369
 (Docket No. O-3115-15)

[*1]In the Matter of Rikisha Reid, appellant,
v
Ian Brown, respondent.


Natalie E. Serra, Brooklyn, NY, for appellant.
Linda Braunsberg, Staten Island, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Chai Park and Janet Neustaetter of counsel), attorney for the children.



DECISION & ORDER
In a proceeding pursuant to the Family Court Act article 8, the mother appeals from an order of the Family Court, Kings County (Sharon A. Bourne-Clarke, J.), dated June 12, 2017. The order, in effect, upon a decision of the same court, also dated June 12, 2017, which, upon the mother's motion, in effect, pursuant to CPLR 3217(b) for leave to discontinue the proceeding without prejudice, determined that the proceeding be dismissed with prejudice, dismissed the mother's family offense petition against the father, with prejudice.
ORDERED that the order is affirmed, without costs or disbursements.
The mother and the father are the parents of two children. On January 20, 2015, the mother filed a family offense petition against the father, alleging that he had committed acts of violence against her. On the scheduled hearing date 2½ years later, June 12, 2017, the mother moved, in effect, pursuant to CPLR 3217(b) for leave to discontinue the proceeding without prejudice. The Family Court noted that the matter was more than 2 years old and warned the mother that a dismissal without proceeding to a fact-finding hearing would be with prejudice. After the mother declined the opportunity to present evidence to establish the allegations in the petition, the court determined that the proceeding be discontinued "with prejudice." In an order dated June 12, 2017, which was, in effect, made upon the court's oral decision, the court dismissed the mother's family offense petition against the father, with prejudice. The mother appeals from the order.
With limited exceptions not applicable here, "an action shall not be discontinued by a party asserting a claim except upon order of the court and upon terms and conditions, as the court deems proper" (CPLR 3217[b]). " Generally, a voluntary discontinuance is without prejudice, unless the order, notice, or stipulation of discontinuance states otherwise'" (Matter of Fiacco v Engler, 79 AD3d 1206, 1207, quoting 1 NY Jur 2d, Actions § 125; see CPLR 3217[c]). However, "[p]rejudice to the defendant and other special circumstances will [generally] preclude granting a motion for a discontinuance without prejudice" (Brenhouse v Anthony Indus., 156 AD2d 411, 412). In sum, "whether an application to discontinue an action pursuant to CPLR 3217(b) should be granted lies within the sound exercise of the court's discretion . . . and such should be entered upon terms and conditions, as the court deems proper'" (Matter of Fiacco v Engler, 79 AD3d at 1207, quoting CPLR [*2]3217[b]).
Here, the mother moved to withdraw her petition 2½ years after it was filed, on the date of the scheduled hearing on the merits, without explanation, and despite the Family Court's admonition that she was being given "an opportunity today to prove the allegations in the petition" or face dismissal with prejudice. In addition, the father was subject to numerous temporary orders of protection awarded to the mother based upon the allegations in the petition during the 2½ years that the matter remained pending. The parties' remaining contentions either are without merit or need not be reached in light of our determination. Under the circumstances, the court providently exercised its discretion in dismissing the petition with prejudice (see CPLR 3217[b], [c]; NBN Broadcasting v Sheridan Broadcasting Networks, 240 AD2d 319, 319; Brenhouse v Anthony Indus., Inc., 156 AD2d at 412; see also Matter of Fiacco v Engler, 79 AD3d at 1207-1208).
ROMAN, J.P., MILLER, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court