Matter of Sellers v Gardner (2018 NY Slip Op 07735)





Matter of Sellers v Gardner


2018 NY Slip Op 07735


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-06787
 (Docket No. O-13409-15)

[*1]In the Matter of Monique Nikole Sellers, appellant, 
v
Derek Jobete Gardner, respondent.


Sanctuary for Families Center for Battered Women's Legal Services, New York, NY (Barbara C. Kryszko and Paul, Weiss, Rifkind, Wharton & Garrison LLP [Emily A. Weissler, Lynn B. Bayard, Oleg M. Shik, David W. Brown, and Apeksha S. Vora], of counsel), for appellant.
Etta Ibok, Brooklyn, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Chai Park and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Sharon A. Bourne-Clarke, J.), dated May 19, 2017. The order, insofar as appealed from, upon directing dismissal of the petition based upon the petitioner's withdrawal of the petition, provided that the dismissal be with prejudice.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this family offense proceeding in May 2015, and obtained a full stay-away order of protection. That order of protection was extended several times. In November 2016, when the hearing on the petition was scheduled to commence, the petitioner sought, and obtained, a lengthy adjournment, and another extension of the order of protection. In May 2017, when the Family Court again was prepared to begin the hearing, the petitioner asked to withdraw her petition without prejudice. The court warned the petitioner that if she did not proceed with the hearing, the petition would be dismissed with prejudice. The petitioner elected not to go forward with the hearing, but objected to a dismissal with prejudice. The court then directed dismissal of the petition with prejudice. The petitioner appeals from so much of the order as provided that the dismissal of the petition be with prejudice.
The determination of whether, and upon what terms and conditions, to grant an application to discontinue an action under CPLR 3217(b) lies within the sound discretion of the court (see Matter of Reid v Brown, _____ AD3d _____, 2018 NY Slip Op 06916 [2nd Dept 2018]; Matter of Fiacco v Engler, 79 AD3d 1206, 1207). Under the circumstances of this case, including the lengthy delays, during which the respondent was bound by the terms of a full stay-away order of protection, the petitioner's full opportunity to have the petition heard, and the Family Court's clear warning to the petitioner that any dismissal would be with prejudice, the court did not improvidently [*2]exercise its discretion in directing that the dismissal of the petition be with prejudice (see Matter of Reid v Brown, _____ AD3d at _____, 2018 NY Slip Op 06916, *2; cf. Matter of Fiacco v Engler, 79 AD3d at 1207-1208).
DILLON, J.P., BALKIN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court