Citibank, N.A. v Bravo (2019 NY Slip Op 00014)





Citibank, N.A. v Bravo


2019 NY Slip Op 00014


Decided on January 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 3, 2019

526222

[*1]CITIBANK, N.A., as Trustee, Appellant,
v
DAVID CULLEN BRAVO, Also Known as DAVID S. BRAVO CULLEN, et al., Respondents, et al., Defendants.

Calendar Date: November 15, 2018

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


Blank Rome LLP, New York City (Timothy W. Salter of counsel), for appellant.
The Crossmore Law Office, Ithaca (Edward Y. Crossmore of counsel), for respondents.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Supreme Court (Rumsey, J.), entered March 7, 2017 in Tompkins County, which, among other things, granted a motion by defendants David Cullen Bravo and Christine Bravo Cullen for summary judgment dismissing the complaint against them.
Plaintiff commenced this mortgage foreclosure action in 2013 against defendants David Cullen Bravo and Christine Bravo Cullen (hereinafter collectively referred to as defendants), among others, alleging that they defaulted on a note secured by a mortgage on real property in Tompkins County. Defendants answered and asserted, as one of its affirmative defenses, that plaintiff was not the holder of the note. Because of plaintiff's failure to comply with discovery requests, defendants made two separate motions for an order of preclusion. In 2014, Supreme Court (Mulvey, J.) granted the second motion and issued an order precluding plaintiff from offering "proof of the indebtedness alleged in the complaint or that . . . plaintiff [was] the current holder of the note." We affirmed this order in June 2016 and noted, among other things, that "plaintiff refused to appear for a deposition, canceled depositions at the last minute, missed a . . . court-ordered mandatory conference, failed to comply with a court-ordered deposition deadline, and created confusion and delay with an inadequate and unclear effort to substitute counsel" (140 AD3d 1434, 1435 [2016]). In October 2016, defendants moved for summary judgment dismissing the complaint, for a discharge and cancellation of the mortgage on which plaintiff sought to foreclose and to cancel the notice of pendency. In December 2016, plaintiff moved for, among other things, leave to discontinue the action without prejudice. Supreme Court granted defendants' motion and denied plaintiff's motion. This appeal by plaintiff ensued.
We affirm. In view of the 2014 order of preclusion, which we upheld, plaintiff cannot prove the indebtedness as alleged in the complaint — i.e., an essential element of its claim. As [*2]such, we find that Supreme Court correctly granted defendants' motion for summary judgment (see generally Shumalski v Government Empls. Ins. Co., 54 NY2d 671, 673 [1981]).
Turning to plaintiff's motion for leave to discontinue the action without prejudice, whether to grant or deny such a motion rests in the sound discretion of the court (see Tucker v Tucker, 55 NY2d 378, 383 [1982]). "[A] party should not be permitted to discontinue an action for the purpose of circumventing an order of the court" (Aison v Hudson Riv. Black Riv. Regulating Dist., 279 AD2d 754, 755 [2001]). Under the circumstances of this case, allowing plaintiff to discontinue the action without prejudice would permit it to circumvent the 2014 order, as well as our 2016 decision, and avoid the consequences of its dilatory conduct (see Baez v Parkway Mobile Homes, Inc., 125 AD3d 905, 908 [2015]; Angerame v Nissenbaum, 208 AD2d 579, 579-580 [1994]). Accordingly, we conclude that Supreme Court providently exercised its discretion in denying plaintiff's motion. Plaintiff's remaining assertions, to the extent not specifically discussed herein, have been considered and are unavailing.
Garry, P.J., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.