Matter of Hersh v Cohen (2019 NY Slip Op 02874)





Matter of Hersh v Cohen


2019 NY Slip Op 02874


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-06633
 (Docket Nos. O-9610-15, O-9617-15)

[*1]In the Matter of Miriam Hersh, appellant,
v
Elizabeth Rebekah Cohen, respondent. (Proceeding No. 1)
In the Matter of Miriam Hersh, appellant,Raphael Cohen, respondent. (Proceeding No. 2)


Kreuza Ganolli, Brooklyn, NY, for appellant.



DECISION & ORDER
In two related proceedings pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Dean T. Kusakabe, J.), dated May 15, 2018. The order, insofar as appealed from, upon granting the petitioner's motion, in effect, pursuant to CPLR 3217(b) for leave to discontinue the proceedings, dismissed the proceedings with prejudice.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
On or about April 15, 2015, the petitioner filed two family offense petitions seeking orders of protection against her sister and her brother-in-law (hereinafter the respondents), alleging that they had committed various family offenses, including harassment. Prior to the filing of the petitions, the respondents had been awarded temporary guardianship of the petitioner's oldest child, and the allegations in the petitions related, in large part, to the respondents' relationship with the child. The respondents moved to dismiss the petitions for failure to state a cause of action. In March 2017, while the respondents' motion was pending, the Family Court granted the petitioner's request to relieve her attorney and for the assignment of new counsel, and adjourned the matter. In July 2017, the court denied the petitioner's request to relieve her newly assigned counsel and for the assignment of another attorney to represent her. The petitioner's counsel informed the court that the petitioner was contemplating withdrawing her petitions and filing amended petitions. The court responded that it would permit the petitioner to withdraw the petitions without prejudice, and adjourned the matter for the petitioner to submit a motion for leave to amend the petitions.
On November 8, 2017, the petitioner's counsel informed the Family Court that while he had prepared an amended petition in early September, the petitioner had not yet had the opportunity to fully review it, and he requested a further adjournment. The court denied the petitioner's request for an adjournment. The court then issued a ruling on the respondents' motion to dismiss the petitions for failure to state a cause of action, dismissing the petitions in part and scheduling a hearing with respect to the remaining allegations in the petitions.
On May 15, 2018, when the hearing on the petitions was scheduled to commence, the petitioner moved, in effect, pursuant to CPLR 3217(b) for leave to discontinue the proceedings. The Family Court warned the petitioner that she could go forward with the hearing, but by withdrawing her petitions, she was giving up her right to a hearing in this matter. The petitioner elected not to proceed with a hearing. However, the petitioner objected to a dismissal with prejudice. The court noted, among other things, that the matter had been pending for three years and that the petitioner had previously been afforded the opportunity to amend the petitions. The court issued an order dismissing the petitions with prejudice. The petitioner appeals.
"The determination of whether, and upon what terms and conditions, to grant an application to discontinue an action under CPLR 3217(b) lies within the sound discretion of the court" (Matter of Sellers v Gardner, 166 AD3d 785, 786; see Matter of Reid v Brown, 165 AD3d 949, 950; Matter of Fiacco v Engler, 79 AD3d 1206, 1207). Here, the petitioner moved to withdraw her petitions approximately three years after they were filed, on the date of the scheduled hearing on the merits. In addition, there were lengthy delays in the proceedings occasioned, in part, by the adjournments granted in connection with the petitioner's successful application for newly assigned counsel and the Family Court affording the petitioner the opportunity to amend her petitions. The court also gave the petitioner an opportunity to be heard on the remaining allegations in the petitions prior to dismissing them with prejudice. Under the circumstances, the court providently exercised its discretion in dismissing the petitions with prejudice (see CPLR 3217[b], [c]; Matter of Sellers v Gardner, 166 AD3d at 786; Matter of Reid v Brown, 165 AD3d at 950-951; Matter of Fiacco v Engler, 79 AD3d at 1207).
The petitioner's remaining contention is not properly before this Court.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court