HSBC Bank USA, N.A. v Rini (2022 NY Slip Op 01016)





HSBC Bank USA, N.A. v Rini


2022 NY Slip Op 01016


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-09402
 (Index No. 15642/13)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Ned Rini, et al., defendants, Patricia Rini, appellant.


Young Law Group, PLLC, Bohemia, NY (Ivan E. Young of counsel), for appellant.
Stradley Ronon Stevens & Young, LLP, New York, NY (Lijue T. Philip of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Patricia Rini appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated June 26, 2018. The order, in effect, denied that defendant's motion (1) pursuant to CPLR 5015(a) to vacate an order of the same court dated November 29, 2017, inter alia, discontinuing the action without prejudice and declaring the acceleration of the subject mortgage loan revoked, and (2) for leave to renew her prior unopposed motion to dismiss the complaint insofar as asserted against the defendant Ned Rini, a deceased individual, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned, which had been denied as academic in the order dated November 29, 2017.
ORDERED that the order dated June 26, 2018, is reversed, on the law, with costs, those branches of motion of the defendant Patricia Rini which were pursuant to CPLR 5015(a) to vacate the order dated November 29, 2017, and for leave to renew are granted, and, upon renewal, the prior unopposed motion of the defendant Patricia Rini to dismiss the complaint insofar as asserted against the defendant Ned Rini, a deceased individual, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned, is granted.
In 2005, the defendant Ned Rini executed a note promising to repay a loan, which
allegedly was secured by a mortgage on real property, executed by Ned Rini and the defendant Patricia Rini (hereinafter the appellant). Ned Rini died in 2012. Thereafter, in June 2013, the plaintiff commenced the instant action against, among others, Ned Rini and the appellant to foreclose the mortgage. The appellant failed to appear or answer the complaint.
In 2017, the appellant moved to dismiss the complaint insofar as asserted against Ned Rini as a nullity, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. The plaintiff did not oppose the motion. In an order dated November 29, 2017, the Supreme Court, rather than addressing the merits of the unopposed motion, discontinued the action without prejudice and sua sponte declared the acceleration of the loan revoked. The court then denied the appellant's motion as academic. The appellant subsequently moved pursuant to CPLR 5015(a) to vacate the order dated November 29, 2017, and pursuant to CPLR 2221(e) for leave to renew her prior motion. In the order appealed from, dated June 26, 2018, the court, in effect, denied the motion.
Initially, contrary to the plaintiff's contention, the appellant's instant motion, which was noticed as one to vacate and for leave to renew, and relied upon new facts not presented on the prior motion, was not, in actuality, a motion for leave to reargue (see id. § 2221[e]).
The Supreme Court erred in discontinuing the action based upon a purported stipulation of discontinuance, and then interceding on the plaintiff's behalf to declare the acceleration of the loan revoked. The stipulation was clearly ineffective as it was only signed by the attorney for the plaintiff (see CPLR 3217[a][2]; Phillips v Trommel Constr., 101 AD3d 1097, 1098). Further, to the extent that the stipulation was construed as a notice of discontinuance, it was equally ineffective to discontinue the action, as it was not served upon the appellant (see CPLR 3217[a][1]; Matter of Lydia DD., 94 AD3d 1385, 1386).
Since the action was not properly discontinued, the appellant's prior motion to dismiss was not academic. The Supreme Court should have granted leave to renew, and upon renewal, granted that branch of the appellant's prior motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a defendant's] default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308).
Here, the plaintiff took no proceedings for entry of a default judgment within one year following the appellant's default. Moreover, as the plaintiff failed to oppose the appellant's motion to dismiss the complaint, there was no showing of sufficient cause why the complaint should not be dismissed (see HSBC Bank USA, N.A. v Myers, 168 AD3d 916, 917).
In addition, since Ned Rini died prior to the commencement of this action, the action insofar as asserted against him was a legal nullity from its inception, and the Supreme Court should have granted that branch of the appellant's prior motion which was to dismiss the complaint insofar as asserted against Ned Rini (see Wells Fargo Bank, N.A. v Baymack, 176 AD3d 905, 906; Citigroup Global Mkts. Realty Corp. v LaGreca, 167 AD3d 842).
DILLON, J.P., IANNACCI, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court